IN THE SUPREME COURT OF NORTH CAROLINA

No. 275PA11

FILED 27 JUNE 2013

STATE OF NORTH CAROLINA

v.

DEWAN KENNETH BRENT


On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 718 S.E.2d 736 (2011), finding prejudicial error in a judgment entered on 16 February 2010 by Judge Catherine C. Eagles in Superior Court, Forsyth County, and ordering that defendant receive a new trial. Heard in the Supreme Court on 13 February 2013.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, and Daniel P. O'Brien, Assistant Attorney General, for the State-appellant.*

*Charlotte Gail Blake for defendant-appellee.*

MARTIN, Justice.

At defendant's trial for possession of cocaine, a forensic scientist stated her expert opinion that a substance was cocaine, based upon her independent analysis of testing performed by another analyst in her laboratory. The Court of Appeals held that this testimony violated defendant's Sixth Amendment right to confront witnesses against him. Because defendant failed to preserve for appeal the issues he raises before this Court, we reverse.

The State's evidence at trial tended to show that on 2 April 2008 Corporal Michael Knight of the Winston-Salem Police Department detained defendant for trespassing on the premises of an apartment complex. After returning to his patrol vehicle to determine whether defendant had any outstanding arrest warrants, Corporal Knight walked back toward defendant, who was sitting on the curb. As Corporal Knight did so, he observed defendant's left hand drop to his side and an "off-white rocklike object actually roll from his left pants area where his hand was at." Officer Resendes, who had arrived to provide backup, also saw the object drop and noticed a white chalky substance on defendant's left hand. The officers confiscated the object and arrested defendant for trespassing.

At the Forsyth County magistrates' office, defendant signed a waiver of his *Miranda* rights and said he wished to speak with the officers. Corporal Knight and Officer Resendes then conducted an interview of defendant, during which defendant stated that the seized substance was cocaine which he had purchased for one hundred dollars. He further stated that he had intended to place the cocaine in his shoe but it rolled away and was seen by the officers. Defendant was subsequently indicted for felony possession of cocaine, second-degree trespass, and attaining habitual felon status.

At trial the State sought to present expert testimony from a forensic drug chemist, Agent Jennifer Lindley, who worked for the State Bureau of Investigation.

After conducting a voir dire hearing on the matter, the trial court permitted Agent Lindley to testify "as to her independent opinion" based upon laboratory tests performed by another analyst. During direct examination of Agent Lindley, the following exchange occurred:

> Q.    [W]hen you reviewed the data that was generated in this case, were you able to form an opinion as to what the substance that was analyzed was?
>
> A.    Yes, sir.
>
> Q.    And what is your opinion?
>
> A.    It's my opinion that the substance that was analyzed was cocaine base.

On cross-examination, defense counsel further clarified the assumptions upon which Agent Lindley's opinion rested. For example, the following exchange occurred:

> Q.    Would it be fair to say that your opinion is based on these graphs and charts?
>
> A.    Yes, ma'am, it is.
>
> Q.    Not on any testing that you've done; correct?
>
> A.    The opinion I formed is based off of the reviewable data which was generated by the tests performed in this case.

Defendant was found guilty of possession of cocaine and attaining habitual felon status. The Court of Appeals awarded him a new trial, holding that the expert opinion of Agent Lindley was a "mere summarization" of the report created by the

non-testifying lab analyst and therefore the admission of the opinion was error. *State v. Brent*, ___ N.C. App. ___, 718 S.E.2d 736, 2011 WL 2462941, at *7 (2011) (unpublished). We allowed the State's petition for discretionary review to determine whether the lab analyst's opinion based on the non-testifying analyst's testing was admissible and whether any error was harmless.

Before this Court defendant argues that "admission of State's exhibit 6, the charts and graphs data prepared by [the non-testifying analyst], as well as Agent Lindley's testimony that the substance was cocaine violated Mr. Brent's right to confront and cross-examine witnesses against him." The State argues that admission of the expert's independent opinion and the raw data the expert relied upon did not violate defendant's rights under the Confrontation Clause. We hold that defendant failed to make timely objections to preserve these issues for appeal. We reverse the decision of the Court of Appeals.

"Generally speaking, the appellate courts of this state will not review a trial court's decision to admit evidence unless there has been a timely objection." *State v. Ray*, 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010) (citation omitted); *see also* N.C. R. App. P. 10(a)(1). To be timely, the objection "must be contemporaneous with the time such testimony is offered into evidence." *State v. Thibodeaux*, 352 N.C. 570, 581-82, 532 S.E.2d 797, 806 (2000) (citations omitted), *cert. denied*, 531 U.S. 1155, 121 S. Ct. 1106 (2011). "Moreover, [a] defendant los[es] his remaining opportunity

for appellate review when he fail[s] to argue in the Court of Appeals that the trial court's admission of [the evidence] amounted to plain error." *Ray*, 364 N.C. at 277-78, 697 S.E.2d at 322 (citations omitted); *see also* N.C. R. App. P. 10(a)(4).

At trial defendant objected to the testimony related to the composition of the substance only outside the presence of the jury. Defendant did not object to admission of either Agent Lindley's opinion or the raw data exhibit at the time they were offered into evidence. Because an objection "must be contemporaneous with the time such testimony is offered into evidence," defendant failed to preserve the alleged errors for review. *Thibodeaux*, 352 N.C. at 581-82, 532 S.E.2d at 806. Therefore, the Court of Appeals erred by reaching the merits of defendant's argument on the issue of whether admission of the expert opinion violated the Confrontation Clause. *Ray*, 364 N.C. at 278, 697 S.E.2d at 322.

Further, the other issue defendant raises before this Court—that the trial court erred by admitting the raw data upon which the expert relied—was not considered by the Court of Appeals because defendant failed to raise it in his brief before that court. Thus, defendant not only failed to preserve that issue through objection at trial but, had he preserved the issue, also would have abandoned the issue by failing to raise it in his brief before the Court of Appeals. *See* N.C. R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed

abandoned.") Because defendant has waived appellate review of the issues he raises, he is not entitled to a new trial.

Moreover, even if defendant had preserved the issues he now raises, he would not be entitled to a new trial. As for the issue of the expert stating her opinion, we held in *State v. Ortiz-Zape* that "admission of an expert's independent opinion based on otherwise inadmissible facts or data 'of a type reasonably relied upon by experts in the particular field' does not violate the Confrontation Clause so long as the defendant has the opportunity to cross-examine the expert." *State v. Ortiz-Zape*, ___ N.C. ___, ___, ___ S.E.2d ___, ___ (2013) (citations omitted). We emphasized that "the expert must present an independent opinion obtained through his or her own analysis and not merely 'surrogate testimony' parroting otherwise inadmissible statements." *Id.* at ___, ___ S.E.2d at ___ (citation omitted). At trial the prosecutor handed Agent Lindley State's exhibit number 6, which Agent Lindley explained contained three machine-produced graphs showing the results of infrared scans. Agent Lindley further explained that these graphs are produced when the machine passes a beam of light through a sample. "And depending on the interactions of the sample with that beam of light, we're able to show a graph based on the absorbents of that sample at each different wavelength. We compare that graph to known standards and are able to make a determination based off of our comparison." According to Agent Lindley's testimony, she reviewed the data generated in this case, shown in State's exhibit 6, and formed an "opinion that the substance that was

analyzed was cocaine base." Agent Lindley formed an independent opinion based on her analysis of data reasonably relied upon by experts in her field. In stating her opinion, Agent Lindley did not repeat any out-of-court statements by a non-testifying analyst. Accordingly, Agent Lindley was the person whom defendant had the right to cross-examine, and her testimony stating her opinion did not violate defendant's rights under the Confrontation Clause. *See id.* at ___, ___ S.E.2d at ___.

The trial court also admitted State's exhibit number 6, the machine-generated graphs showing the results of infrared scans. As we stated in *Ortiz-Zape*, machine-generated raw data, "if truly machine-generated," are not statements by a person; they are "neither hearsay nor testimonial." *Id.* at ___, ___ S.E.2d at ___ (citations omitted). Thus, machine-generated raw data, if of a type reasonably relied upon by experts in the field, may be admitted to show the basis of an expert's opinion. *See id.* at ___, ___ S.E.2d at ___. Here, consistent with the standard procedure in her crime laboratory, Agent Lindley analyzed the machine-produced graphs to form her opinion that the substance was cocaine. Admission of these machine-produced graphs to show the basis of Agent Lindley's opinion did not violate defendant's rights under the Confrontation Clause.

Defendant did not present timely objections at trial and thereby failed to preserve the issues he argues before this Court. He lost his remaining opportunity for appellate review by failing to allege plain error before the Court of Appeals.

Even if he had presented timely objections at trial, he would not be entitled to a new trial because the trial court did not err in admitting either the expert's opinion that the substance was cocaine or the exhibit showing the raw data from the testing instruments. We reverse the decision of the Court of Appeals.

REVERSED.

Justice BEASLEY took no part in the consideration or decision of this case.

Chief Justice PARKER, concurring in the result only.

Defendant having failed to preserve the alleged errors for appellate review, I concur in the result only.

Justice HUDSON, concurring in the result.

I agree with the majority's analysis of the waiver issue. However, the extended discussion of the merits of the case is entirely dictum, with which I do not agree for the reasons I have stated in dissenting opinions in *State v. Ortiz-Zape*, ___ N.C. ___, ___ S.E.2d ___ (2013) (329PA11) (Hudson, J., dissenting), and *State v. Brewington*, ___ N.C. ___, ___ S.E.2d ___ (2013) (235PA10) (Hudson, J., dissenting),

*HUDSON, J., concurring*

and in a concurring opinion in *State v. Craven*, ___ N.C. ___, ___ S.E.2d ___ (2013) (322PA10) (Hudson, J., concurring). Therefore, I concur in the result.