**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4813**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHN DAVID PINKE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:14-cr-00009-IMK-JSK-2)

Submitted: June 24, 2015          Decided: July 2, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deirdre Purdy, Chloe, West Virginia, for Appellant. Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Pinke appeals the district court's judgment sentencing him to 275 months of imprisonment pursuant to his convictions for assaulting with intent to commit murder, conspiring to do the same, assaulting with a dangerous weapon with intent to do bodily harm, and assaulting another inmate resulting in serious bodily injury, in violation of 18 U.S.C. §§ 2, 7(3), 113(a)(1), (a)(3), (6), 371 (2012). Pinke's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel stated that there are no meritorious grounds for appeal but questioned whether the district court correctly admitted videos of the assault and resulting injuries given their gruesome nature, resentenced Pinke in order to apportion the sentence among the four counts of conviction, and grouped Pinke's offenses to calculate his total offense level before stacking two of the sentences as consecutive. Pinke filed a pro se brief arguing that the district court plainly erred in admitting the videos without a proper foundation and abused its discretion in excluding testimony describing alleged statements by the victim as hearsay. The Government declined to file a brief. After careful review, we affirm.

We review for abuse of discretion the district court's decision to admit the videos of the assault and resulting injuries despite their gruesome nature. United States v.

2

Forrest, 429 F.3d 73, 79 (4th Cir. 2005).  A district court may exclude otherwise relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

We have reviewed the record, including the videos, and find that, while gruesome, the videos were not so inflammatory that their potential for prejudice substantially outweighed their probative value.  The first video refutes the victim's testimony that he instigated the conflict, and tends to demonstrate that Pinke and his codefendants intended to murder the victim, given the nature and duration of the assault.  The second video depicts the "serious bodily injury" element required to convict Pinke under 18 U.S.C. § 113(a)(6).  Consequently, the district court did not abuse its discretion in admitting the videos.

We next review, also for abuse of discretion, the district court's decision to correct its sentence under Fed. R. Crim. P. Rule 35(a).  See United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990).  A district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing.  Fed. R. Crim. P. 35(a).

Here, the court did just that.  Six days after Pinke was sentenced, the court recognized that it failed to delineate the specific sentences applicable to each count of conviction.  We

3

find no authority to suggest that the district court's decision to do so constituted an abuse of discretion.

We likewise conclude that the district court did not abuse its discretion in grouping Pinke's offenses to calculate his total offense level before stacking the sentences for two counts, so that the overall sentence would be within his Guidelines range but no specific sentence would exceed the statutory maximum for its corresponding offense. Gall v. United States, 552 U.S. 38, 46 (2007) (providing standard of review). Indeed, its decision to do so was entirely appropriate: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S. Sentencing Guidelines Manual § 5G1.2(d).

We next consider Pinke's assertion that the district court plainly erred by admitting the contested videos without a proper foundation. See United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006) (holding that plain-error review applies to unopposed evidentiary admissions).* To meet this standard, Pinke

---

\* While Pinke did contest admission of the videos under Fed. R. Evid. 403, he did not challenge their foundation.

4

must demonstrate that an error (1) occurred, (2) was plain, and (3) affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even then, we may exercise our discretion to correct such errors only if the errors "seriously affect the fairness, integrity, or public reputation of judicial proceedings." Id.

"The factual determination of whether evidence is that which the proponent claims is ultimately reserved for the jury." United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009). The district court is merely obligated to assess whether the proponent has offered a proper foundation from which "the jury could reasonably find that the evidence is authentic." Id.

Our review of the record indicates that the Government presented sufficient evidence of authentication. As to the first video, a Government witness explained the manner in which the prison's closed circuit video system operates, the means by which he obtained the video, and that he downloaded it onto the DVD that was played for the jury. Regarding the second video, another prison employee explained that he responded to the assault, witnessed a nurse videotaping the victim's injuries, and the video depicted injuries that were consistent with his recollection. In light of this, we find no error, plain or otherwise, in the district court's decision to admit these videos.

Finally, we review the district court's hearsay rulings for abuse of discretion. <u>United States v. Gonzales-Flores</u>, 701 F.3d 112, 117 (4th Cir. 2012). "Hearsay" is any statement that the declarant does not make at the current trial, offered in evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible except as otherwise provided by federal rule or statute. Fed. R. Evid. 802.

Here, we hold that even if error occurred, it was harmless, in view of high probability "that the error did not affect the judgment." <u>See</u> <u>United States v. Nyman</u>, 649 F.2d 208, 212 (4th Cir. 1980) (providing the test for harmlessness). Pinke sought to introduce threatening statements made before the assault by the victim through a third party, and the district court eventually admitted other testimony detailing just that.

In accordance with <u>Anders</u>, we have reviewed the record and found no meritorious issues for appeal. Consequently, we affirm the district court's judgment. This court requires that counsel inform Pinke, in writing, of his right to petition the Supreme Court of the United States for further review. If Pinke requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pinke. We

6

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED