IN THE SUPREME COURT OF NORTH CAROLINA

No. 90PA15

Filed 15 April 2016

STATE OF NORTH CAROLINA

v.

DEMARIO LAMONT SNEAD

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 768 S.E.2d 344 (2015), finding no error in part, affirming in part, and vacating and remanding for entry of judgment and resentencing in part, judgments entered on 13 March 2014 by Judge Christopher W. Bragg in Superior Court, Cabarrus County. Heard in the Supreme Court on 15 February 2016.

*Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State-appellant.*

*C. Scott Holmes for defendant-appellee.*

NEWBY, Justice.

This case is about whether the State properly authenticated a surveillance video showing defendant stealing shirts from a Belk Department Store (Belk) and whether a witness's lay opinion testimony based on that video was admissible. By presenting evidence that the video surveillance system was reliable and that the video presented at trial had not been altered, the State properly authenticated the

video. Moreover, because defendant failed to make a timely objection to the witness's testimony, he failed to preserve that issue for appellate review. Accordingly, we reverse the decision of the Court of Appeals on those issues.

Defendant was indicted for felony larceny and conspiracy to commit felony larceny after he and another man stole shirts from Belk. The indictment alleged that on 1 February 2013, defendant stole and conspired to steal "clothing including but not limited to Ralph Lauren Polo shirts" worth more than one thousand dollars. *See* N.C.G.S. §§ 14-2.4, -72(a) (2015). Belk's surveillance system captured the theft on video, and defendant admitted that he committed the act depicted therein. The only contested issue at trial was the value and quantity of the stolen shirts. Specifically, the State argued that defendant stole twenty to thirty Ralph Lauren shirts worth more than one thousand dollars, while defendant claimed he only stole seven, non-brand-name shirts worth less than one thousand dollars.

At trial the State called Toby Steckler, a regional loss prevention manager for Belk, to authenticate the surveillance video for admission into evidence and to offer his opinion about the contents of the video. Steckler testified that he was familiar with how Belk's video surveillance system works. He testified that the Belk store in question operates surveillance cameras connected to a digital video recorder, which stores between thirty and sixty days of video. The video recorder is "industry standard" and has safeguards to prevent tampering, including a watermark and a

time and date stamp. When an incident occurs in the store, such as a theft, it is "common business practice" for Belk to copy the video from the digital video recorder to a compact disc (CD). Steckler testified that on 1 February 2013, the digital video recorder captured a person later identified as defendant and another man stealing shirts from Belk. Steckler viewed the incident after the fact on the digital video recorder, and he later reviewed the incident after it was burned onto a CD. Steckler testified that the video copied to the CD and presented as evidence at trial was the same as that on the digital video recorder.

Defendant objected to introduction of the video into evidence, arguing the State failed to properly authenticate it. Outside the presence of the jury, defense counsel argued that because Steckler was not at Belk on the date of the theft, he could not properly testify that the video "captured fairly and accurately what occurred on that date." The trial court overruled defendant's objection. Before the jury returned to the courtroom, however, the State played the video, which showed defendant grabbing stacks of shirts from a table while a second man grabbed sweatshirts hanging on a rack. The video also showed both men run out of the store with the merchandise and jump into a vehicle, driven by a third person. At the conclusion of the video, defendant stated that he had no further objections to admission of the video.

Before the jury returned to the courtroom, defendant objected to any testimony by Steckler regarding the value of the stolen shirts, arguing that this information had not been provided in discovery and was not based on Steckler's personal knowledge. During voire dire, Steckler testified that he knew defendant stole Ralph Lauren Polo shirts because the shirts were located in the Ralph Lauren section of the store and the table from which defendant took shirts was specifically designated for Ralph Lauren Polo shirts. Steckler further testified that although he did not know specifically what was on the table on 1 February 2013, or the exact quantity of shirts that were stolen, he estimated that defendant stole twenty to thirty shirts based on the fact that Ralph Lauren typically requires Belk to pile six to eight shirts per stack and defendant took multiple stacks of shirts.

The trial court ruled that Steckler could not testify that the shirts on the table were Ralph Lauren shirts, but he could testify that the shirts were located in the Ralph Lauren Polo section of the store, that if they were Ralph Lauren Polo shirts, they would have been stacked a certain way to meet Ralph Lauren's standards, and that Ralph Lauren Polo shirts were priced at "X number of dollars" on 1 February 2013.

The jury then returned to the courtroom and the State played the video. Steckler testified that "[y]ou can see [defendant] stacking shirts" while "the other gentleman grab[s] the armful of sweatshirts." Steckler testified that he is "familiar

with the merchandise" in Belk stores and that both the table and the rack of sweatshirts were located in the Ralph Lauren Polo section. He explained that Ralph Lauren Polo shirts are uniformly folded in a specific fashion and are stacked six to eight shirts per pile. Based on the video, Steckler estimated that defendant stole twenty to thirty polo shirts and that the second man stole five to eight sweatshirts. According to Steckler's testimony, on 1 February 2013, the fair market value of one Ralph Lauren Polo shirt was between eighty-five and eighty-nine dollars and fifty cents, and the value of each sweatshirt was ninety-five dollars. Defendant did not object to Steckler's estimate of the value or number of shirts stolen at the time the State elicited this testimony before the jury. The jury convicted defendant of felony larceny and conspiracy to commit felony larceny.

In a unanimous opinion, the Court of Appeals held, *inter alia*, that the trial court erred by admitting the video of defendant shoplifting because the video was not properly authenticated, *State v. Snead*, ___ N.C. App. ___, ___, 768 S.E.2d 344, 347 (2015), and abused its discretion by admitting Steckler's estimate of the value of the stolen shirts because the testimony was not based on Steckler's firsthand knowledge or perception, *id.* at ___, 768 S.E.2d at 349-50. The Court of Appeals concluded that these errors were prejudicial because the State presented no other evidence to establish that the value of the stolen property exceeded one thousand dollars. *Id.* at

___, 768 S.E.2d at 348-50.[1]  Accordingly, the Court of Appeals vacated defendant's conviction for felony larceny and remanded for entry of judgment and resentencing on the lesser included offense of misdemeanor larceny.[2]  *Id.* at ___, 768 S.E.2d at 350. We allowed the State's petition for discretionary review.

We agree with the State that Steckler's testimony was sufficient to authenticate the surveillance video under North Carolina Rule of Evidence 901.  Rule 901(a) requires that evidence be authenticated by showing "that the matter in question is what its proponent claims."  N.C.G.S. § 8C-1, Rule 901(a) (2015).  Rule 901(b) lists ten examples of authentication that meet the requirements of subsection (a).  *Id.*, Rule 901(b) (2015).  "Recordings such as a tape from an automatic surveillance camera can be authenticated as the accurate product of an automated process" under Rule 901(b)(9).  2 Kenneth S. Broun et al., *McCormick on Evidence* § 216, at 39-40 (7th ed. 2013).[3]  Evidence that the recording process is reliable and that the video introduced at trial is the same video that was produced by the recording

---

[1] The Court of Appeals also found no error in defendant's conviction for conspiracy to commit felony larceny and affirmed his conviction of having attained habitual felon status. *Snead*, ___ N.C. App. at ___, 768 S.E.2d at 351.  These matters are not before this Court.

[2] The State and defendant agree that the Court of Appeals ordered the wrong remedy. Because we conclude that the trial court did not err in admitting the video or lay opinion testimony, however, we need not reach that issue.

[3] *McCormick on Evidence* refers to Federal Rule of Evidence 901; however, North Carolina Rule of Evidence 901 "is identical to [the federal rule] except that in [subdivision (b)(10)] the word 'statute' is inserted in lieu of the phrase 'Act of Congress or by other rules prescribed by the Supreme Court pursuant to statutory authority.'"  N.C.G.S § 8C-1, Rule 901 cmt. (2015).

process is sufficient to authenticate the video and lay a proper foundation for its admission as substantive evidence. *See* N.C.G.S. § 8-97 (2015); *see also State v. Campbell*, 311 N.C. 386, 388, 317 S.E.2d 391, 392 (1984) ("[R]eal evidence is properly received into evidence" if it is "identified as being the same object involved in the incident and it [is] shown that the object has undergone no material change."); *State v. Kistle*, 59 N.C. App. 724, 726, 297 S.E.2d 626, 627 (1982) ("If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition." (quoting Edward W. Cleary et al., *McCormick on Evidence* § 212 (2d ed. 1972))), *disc. rev. denied*, 307 N.C. 471, 298 S.E.2d 694 (1983); *United States v. Pinke*, 614 F. App'x 651, 653 (4th Cir. 2015) (per curiam) (concluding that a witness's explanation of "the manner in which the . . . video system operates, the means by which he obtained the video, and that he downloaded it onto the DVD that was played for the jury" was sufficient to authenticate the video).

"A detailed chain of custody need be established only when the evidence offered is not readily identifiable or is susceptible to alteration and there is reason to believe that it may have been altered." *Campbell*, 311 N.C. at 389, 317 S.E.2d at 392; *Kistle*, 59 N.C. App. at 726, 297 S.E.2d at 627 ("[T]he State need not establish a complete chain of custody [when a] witness who had inspected the film immediately after

processing testified that the photographs introduced at trial were the same as those he had inspected immediately after processing."); *accord United States v. Van Sach*, No. 1:09CR03, 2009 WL 3232989, at \*3 (N.D. W. Va. Oct. 1, 2009) (unpublished order) ("Establishing a formal chain of custody of evidence is no longer required [to support a finding that evidence is authentic]. Rather, it is sufficient for the party offering the [videotape] simply to satisfy the trial court that the item is what it purports to be and has not been altered." (citation omitted)). "[A]ny weak links in a chain of custody relate only to the weight to be given evidence and not to its admissibility." *Campbell*, 311 N.C. at 389, 317 S.E.2d at 392 (citations omitted).

Given that defendant freely admitted that he is one of the two people seen in the video stealing shirts and that he in fact stole the shirts, he offered the trial court no reason to doubt the reliability or accuracy of the footage contained in the video. Regardless, Steckler's testimony was sufficient to authenticate the video under Rule 901. Steckler established that the recording process was reliable by testifying that he was familiar with how Belk's video surveillance system worked, that the recording equipment was "industry standard," that the equipment was "in working order" on 1 February 2013, and that the videos produced by the surveillance system contain safeguards to prevent tampering. Moreover, Steckler established that the video introduced at trial was the same video produced by the recording process by stating that the State's exhibit at trial contained exactly the same video that he saw on the digital video recorder. Because defendant made no argument that the video had been

altered, the State was not required to offer further evidence of chain of custody. Steckler's testimony, therefore, satisfied Rule 901, and the trial court did not err in admitting the video into evidence.

Furthermore, we agree with the State that defendant failed to preserve the issue of whether Steckler's estimate of the value of the stolen shirts was admissible lay opinion testimony. "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion . . . ." N.C. R. App. P. 10(a)(1). "To be timely, an objection to the admission of evidence must be made 'at the time it is actually introduced at trial.'" *State v. Ray*, 364 N.C. 272, 277 & n.1, 697 S.E.2d 319, 322 & n.1 (2010) (quoting and discussing *State v. Thibodeaux*, 352 N.C. 570, 581, 532 S.E.2d 797, 806 (2000) (emphasis omitted), *cert. denied*, 531 U.S. 1155 (2001)). An objection made "only during a hearing out of the jury's presence prior to the actual introduction of the testimony" is insufficient. *Id.* at 277, 697 S.E.2d at 322 (citing *Thibodeaux*, 352 N.C. at 581-82, 532 S.E.2d at 806); *State v. Brent*, 367 N.C. 73, 76, 743 S.E.2d 152, 154 (2013) (same); *accord State v. Gladden*, 315 N.C. 398, 414, 340 S.E.2d 673, 684 ("[A] defendant is not entitled to relief where there was no objection made *at the time the evidence was offered*." (citation omitted)), *cert. denied*, 479 U.S. 871 (1986).

Here defendant objected to testimony related to the value of the shirts only outside the presence of the jury. He did not subsequently object when the State

elicited Steckler's testimony before the jury. Therefore, defendant failed to preserve the alleged error for appellate review, and "the Court of Appeals erred by reaching the merits of defendant's arguments on this issue." *Ray*, 364 N.C. at 278, 697 S.E.2d at 322.

Because the State properly authenticated the surveillance video under Rule 901 and defendant failed to make a timely objection to Steckler's lay opinion testimony, the trial court did not err in admitting either at trial. Accordingly, we reverse the decision of the Court of Appeals on those issues and instruct that court to reinstate defendant's conviction for felony larceny and the trial court's resulting judgment thereon. The remaining issues addressed by the Court of Appeals are not before this Court, and its decision as to these matters remains undisturbed.

REVERSED.