DILLON, Judge, dissenting.
On appeal, Defendant argues that the trial court erred in admitting certain testimony from a State witness. The jurisprudence from our Supreme Court compels us to conclude that Defendant did not properly preserve his objection to this testimony. Accordingly, I disagree with the majority and believe that we should review the alleged error for plain error. Further, I do not believe that the admission of the challenged testimony amounted to plain error.
*620 In the present case, the trial court conducted a voir dire of the proposed testimony outside the presence of the jury. After hearing the testimony, the trial court indicated that it would admit the evidence. Defendant's counsel noted an exception for the record, which the trial court acknowledged. The jury was then called back in, and the State offered the testimony into evidence. However, when the State offered the testimony in the presence of the jury, Defendant's counsel did not object.
Our Supreme Court has held that a defendant who objects during a forecast of evidence outside the presence of the jury does not preserve the objection unless he objects when the testimony is offered into evidence in the jury's presence :
Generally speaking, the appellate courts of this state will not review a trial court's decision to admit evidence unless there has been a timely objection. To be timely, an objection to the admission of evidence must be made at the time it is actually introduced at trial. It is insufficient to object only to the presenting party's forecast of the evidence. As such, in order to preserve for appellate review a trial court's decision to admit testimony, objections to that testimony must be contemporaneous with the time such testimony is offered into evidence and not made only during a hearing out of the jury's presence prior to the actual introduction of the testimony .
State v. Ray , 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010) (citations and internal marks omitted) (emphasis added).
Much like in the present case, in Ray , the trial court excused the jury while it conducted a voir dire of a line of questioning that the State wanted to pursue during its cross-examination of the defendant. The defendant's counsel objected to the line of questioning during the voir dire but failed to renew the objection when the evidence was offered in the presence of the jury. Id. at 276, 697 S.E.2d at 321. The Supreme Court held that the defendant did not preserve the objection; and, therefore, any error could only be reviewed for plain error. Id. at 277, 697 S.E.2d at 322. The Supreme Court reaffirmed its holding just last year in State v. Snead , 368 N.C. 811, 816, 783 S.E.2d 733, 737-38 (2016).
The majority argues that it would be "fundamentally unfair" to fault Defendant on appeal. I understand the majority's argument.[3] However, *621 the Supreme Court has been clear on this point. And we are compelled to follow holdings from our Supreme Court. See Dunn v. Pate , 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993). Accordingly, I conclude that we must apply plain error.[4]
Turning to the merits of the present appeal, I conclude that, even assuming arguendo *179 that the admission of the testimony was error, the error did not amount to plain error. There was sufficient evidence from which a jury could infer that Defendant possessed a weapon. For instance, there was evidence that he was driving the car where one of the weapons was found. See State v. Best , 214 N.C.App. 39, 47, 713 S.E.2d 556, 562 (2011) (suggesting that control of the vehicle where weapons are found is sufficient to go to the jury on the issue of constructive possession). Further, an officer testified that he observed Defendant standing on the same side of the car where one weapon was later found lying on the ground under the car. Therefore, I cannot say that the jury "probably" would have reached a different verdict had the challenged testimony not been offered.
Defendant also argues on appeal that the trial court erred in certain portions of its instructions to the jury. The majority does not address this issue, based on its conclusion that the admission of the testimony from the State's witness constituted reversible error. Regarding Defendant's argument concerning the jury instructions, I conclude that, even assuming the instructions were error, the jury "probably" would not have reached a different verdict without those instructions.
In conclusion, I believe that Defendant received a fair trial, free from plain error.

The majority relies, in part, on State v. Randolph , 224 N.C.App. 521, 735 S.E.2d 845 (2012). Randolph , though, does not cite any Supreme Court opinions to support its holding. We are bound to follow Supreme Court precedent until that precedent is overruled, notwithstanding a contrary opinion from our Court. See Andrews v. Haygood , 188 N.C.App. 244, 248, 655 S.E.2d 440, 443 (2008) ("[T]his Court has no authority to overrule decisions of our Supreme Court and we have the responsibility to follow those decisions until otherwise ordered by our Supreme Court." (citations and internal marks omitted)).

The majority relies, in part, on the trial judge's statement that Defendant's objection made during voir dire was noted in the record. However, the trial court did not offer its legal opinion that the objection was sufficient to preserve it for appellate review. And it is evident that the trial judges in Ray and Snead also allowed the objections made during voir dire to be part of the record, as our Supreme Court references those objections in its opinions. See Ray , 364 N.C. at 276-77, 697 S.E.2d at 321-22 ; Snead , 368 N.C. at 816, 783 S.E.2d at 737-38. However, the fact that the objections were part of the record in those cases did not satisfy the requirement that the record had to show that the objections were renewed when the challenged evidence was offered in the presence of the jury.