IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-684

 Filed: 16 May 2017

Wayne County, Nos. 14 CRS 055045, 15 CRS 000551

STATE OF NORTH CAROLINA

 v.

DARYL WILLIAMS, Defendant.

 Appeal by defendant from judgment entered 12 August 2015 by Judge Paul L.

Jones in Wayne County Superior Court. Heard in the Court of Appeals 25 January

2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Scott A.
 Conklin, for the State.

 Gilda C. Rodriguez for defendant-appellant.

 ELMORE, Judge.

 Daryl Williams (defendant) was charged with possession of a firearm by a felon

after officers found an AK-47 rifle in the back seat of a vehicle and a Highpoint .380

pistol next to the rear tire on the passenger’s side. At trial, the State offered evidence

of a prior incident in which officers found a Glock 22 pistol in a different vehicle

occupied by defendant. The trial court admitted the evidence to show defendant’s

knowledge and opportunity to commit the crime charged. At the conclusion of trial,
 STATE V. WILLIAMS

 Opinion of the Court

the jury found defendant guilty of possession of a firearm by a felon and he pleaded

guilty to attaining habitual felon status.

 After his conviction, defendant filed a petition for writ of certiorari, which we

allowed. Defendant argues that evidence of the prior incident was not admissible

under Rules 404(b) and 403, and that the trial court erred each time it instructed the

jury on the limited purpose for which it could consider the evidence. Reviewing for

prejudicial error, we hold that the trial court erred in admitting the evidence as

circumstantial proof of defendant’s knowledge, and the trial court abused its

discretion in admitting the evidence as circumstantial proof of defendant’s

opportunity to commit the crime charged. We need not address defendant’s second

argument regarding the court’s jury instructions. Defendant is entitled to a new trial.

 I. Background

 On 30 November 2014 at 1:45 a.m., Officer Kenneth Prevost responded to a

“shots fired” call at the Alpha Arms Apartments in Goldsboro. Upon his arrival, he

saw defendant and two unidentified men in the parking lot standing near a Crown

Victoria. The front passenger’s door was open and he saw defendant put something

into the vehicle before shutting the door. The two men walked away as Officer

Prevost approached but defendant remained standing on the passenger’s side of the

vehicle.

 -2-
 STATE V. WILLIAMS

 Opinion of the Court

 When Officer Prevost asked defendant if he had heard any gunshots, defendant

replied that he had not. Defendant also denied having any weapons on him. Officer

Prevost frisked defendant and, after confirming he was unarmed, told defendant he

was free to go. As defendant walked away, Officer Prevost shined a flashlight inside

the Crown Victoria and observed an AK-47 rifle in the back seat. When he saw the

rifle, he ordered defendant to stop and placed him under arrest.

 Officer Prevost searched defendant incident to his arrest, finding the keys to

the Crown Victoria in his pants pocket. Once backup arrived, the officers proceeded

to search the vehicle. Officer Prevost noticed a strong odor of marijuana when he

opened the passenger’s side door but did not find any marijuana inside the vehicle.

The officers did find defendant’s debit card, his social security card, and a medication

bottle with defendant’s name on it. Although the vehicle was not registered to

defendant, Officer Prevost testified that he had seen defendant driving it on other

occasions.

 Along with the rifle in the back seat, the officers found a Highpoint .380 pistol

underneath the vehicle, next to the rear tire on the passenger’s side. Officer Prevost

seized the firearms and secured them in the trunk of his patrol car. No fingerprint

analysis was conducted on the rifle or pistol, and no tests were performed to

determine if they had been fired that night.

 -3-
 STATE V. WILLIAMS

 Opinion of the Court

 Defendant offered evidence at trial tending to show that he had no knowledge

of the rifle and pistol recovered at the scene. Tyrik Joyner testified that he was at

the apartment complex on 30 November 2014 with his cousin, Ty’rek Mathis. Joyner

was visiting with his “homegirl,” Shaniqua Johnson, who lived in one of the

apartments. Joyner received a call from his uncle who had recently purchased the

AK-47 and asked Joyner to hold onto the rifle while he went to the club. His uncle

dropped off the rifle and Joyner, having nowhere else to keep it, placed it in the back

seat of the unlocked Crown Victoria. He claimed that the vehicle belonged to

Johnson, though she let other people drive it. Joyner testified that no one fired the

rifle and the shots he and Mathis heard came from a different direction. Although

Joyner had seen defendant walking around the apartment complex earlier that

evening, defendant was not at Johnson’s apartment and was not present when Joyner

placed the rifle in the back seat.

 Mathis also testified that he was with Joyner at the apartment complex that

night. Mathis was reluctantly carrying a pistol that belonged to another cousin, who

had asked Mathis to hold it for him. Mathis and Joyner planned on going to Johnson’s

apartment that night to drink and play cards but Mathis knew that Johnson would

not allow guns in her apartment. He also testified: “I’m not no guy that, you know,

walk around with no gun.” When he saw Joyner place the rifle in the back seat of the

Crown Victoria, Mathis decided he too would leave the pistol underneath the vehicle

 -4-
 STATE V. WILLIAMS

 Opinion of the Court

before heading inside. As far as he knew, the vehicle belonged to Johnson and was

driven by Johnson. Mathis testified that he did not see defendant or the police that

night. It was only when he left Johnson’s apartment later that he realized the pistol

was gone.

 The issues raised in defendant’s petition for writ of certiorari are based upon

the admission of Rule 404(b) evidence at trial. Officer Prevost and Sergeant Leanne

Rabun testified that they had a previous encounter with defendant on 12 July 2013

(the “prior incident”). They responded to a call to investigate a suspected drug

transaction between two men in the parking lot of a strip mall. One had since left

the parking lot but the other was seen entering a white SUV. Officer Prevost arrived

to conduct a K-9 sniff of the vehicle and saw defendant, the sole occupant, sitting in

the driver’s seat. The sniff led to a subsequent search of the vehicle in which the

officers found a Glock 22 pistol with an extended magazine underneath the driver’s

seat.

 At trial, the State argued that it was not offering the evidence to prove conduct

in conformity therewith but as independently relevant circumstantial evidence of

motive, knowledge, and identity. Sergeant Rabun testified during voir dire that

defendant told her he was carrying the Glock 22 because his house had been robbed

which, according to the State, was evidence of his motive to carry a firearm for

protection. As to knowledge, the State argued that the prior incident tended to show

 -5-
 STATE V. WILLIAMS

 Opinion of the Court

that defendant knew the rifle and pistol were in and around the Crown Victoria.

Finally, the State asserted that the prior incident was relevant to identify defendant

as the perpetrator because it shows “that these are his firearms. That’s a habit of his

modus operandi to have firearms.”

 After voir dire, the trial court announced its ruling on the evidence:

 THE COURT: Okay. Court’s going to allow that evidence
 in for limited purpose of basically the fact that the officers
 were familiar with him; and on a prior occasion, that being
 July 12, 2013, there was a prior incident which defendant
 was stopped for suspicion of some crime; and they found
 him in possession of a firearm, and that’s going to be the
 extent of it.

Although the purpose for which the evidence was initially admitted is not clear, the

court subsequently denied the State’s request to ask Sergeant Rabun about the

reason for which defendant had the Glock 22, indicating that the prior incident was

not admitted to show motive.

 After Officer Prevost and Sergeant Rabun testified, the trial court instructed

the jury that it could only consider the evidence as proof of defendant’s knowledge:

 THE COURT: . . . Ladies and Gentlemen, the Court is
 going to give you a limited instruction regarding prior
 testimony in this case. Evidence of other crimes is
 inadmissible if it’s only referenced to show the character of
 the accused.

 There are two exceptions, one where a specific mental
 attitude, state, is an essential element of the crime
 charged. Evidence may be offered of certain action,
 declaration of the accused as it tends to establish the

 -6-
 STATE V. WILLIAMS

 Opinion of the Court

 requisite mental intent or state even though the evidence
 disclosed the commission of another offense by the accused.
 And two, where a guilt[y] knowledge is an essential
 element of the crime charged. Evidence to be offered of
 such action and declaration of an accused tend[s] to
 establish the requisite guilt[y] knowledge even though the
 evidence reveals commission of another offense by the
 accused.

 Ladies and Gentlemen, the defendant cannot be convicted
 in this trial for something he has done in the past unless it
 is an essential element of the charge here.

Later, during the charge conference, the trial court announced for the first time that

the evidence could also be considered as proof of defendant’s opportunity to commit

the crime charged. The court instructed the jury thereafter:

 Evidence that has been received tend[s] to show that that
 previous encounter, defendant and Officer Prevost, were
 involved in an incident which involved a firearm, which
 was detailed as a Glock pistol. This evidence was received
 solely for showing defendant had knowledge, which is a
 necessary element of the crime charged in the case, and that
 defendant had opportunity to commit the crime.

 If you believe this evidence, you may consider it, which you
 will consider it only for the limited purpose which it was
 received. You may not consider it for any other purpose.
 Evidence of other crimes is inadmissible if its only
 relevance is to show the character of the accused. There
 are exceptions to the rule. They are when specific mental
 attitude or state is a sentencing element of the crime
 charged.

 Evidence may be offered of such action [ ]or declaration of
 the accused as they tend to establish mental state even
 though the evidence discloses the commission of another
 offense by the accused or where guilt[y] knowledge is an

 -7-
 STATE V. WILLIAMS

 Opinion of the Court

 essential element of the crime charged.

 Evidence may be offered of such action or declarations of
 the accused that tends to establish required guilt[y]
 knowledge; that even though the evidence reveals a
 commissioned offense by the accused, defendant cannot be
 convicted in this trial for something he has done in the
 past, unless it is an element of the charges here.

(Emphasis added.)

 II. Discussion

 Defendant raises two issues for appellate review. First, defendant argues that

testimony of the prior incident was improper character evidence under Rule 404(b)

and should have otherwise been excluded under Rule 403. Second, defendant argues

that the trial court erred each time it instructed the jury on the limited purpose for

which it could consider the evidence.

A. Preservation

 Defendant maintains that his trial counsel’s objections to the prior incident

were sufficient to preserve the first issue for appellate review, citing to this Court’s

decision in State v. Randolph, 224 N.C. App. 521, 527–28, 735 S.E.2d 845, 850–51

(2012) (holding that the defendant preserved issue for appeal where he filed a pre-

trial motion to suppress, the trial court deferred ruling until the issue arose at trial,

the defendant objected on the same grounds during voir dire, but he did not object to

the challenged testimony when it was elicited before the jury), appeal dismissed, 366

N.C. 562, 738 S.E.2d 392 (2013). Alternatively, defendant contends that the

 -8-
 STATE V. WILLIAMS

 Opinion of the Court

admission of the evidence amounts to plain error. The State argues in response that

our review is limited to plain error because defendant failed to raise a timely objection

at trial.

 Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure provides in

pertinent part: “In order to preserve an issue for appellate review, a party must have

presented to the trial court a timely request, objection, or motion, stating the specific

grounds for the ruling the party desired the court to make if the specific grounds were

not apparent from the context.” N.C. R. App. P. 10(a)(1) (2017). “To be timely, an

objection to the admission of evidence must be made ‘at the time it is actually

introduced at trial.’ It is insufficient to object only to the presenting party’s forecast

of the evidence.” State v. Ray, 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010) (quoting

State v. Thibodeaux, 352 N.C. 570, 581, 532 S.E.2d 797, 806 (2000)); see also State v.

Snead, 368 N.C. 811, 816, 783 S.E.2d 733, 737–38 (2016) (holding that objection

outside the presence of the jury was insufficient to preserve the alleged error for

appellate review). An unpreserved issue in a criminal case may still be “presented

on appeal when the judicial action questioned is specifically and distinctly contended

to amount to plain error.” N.C. R. App. P. 10(a)(4) (2017).

 Defense counsel first objected to evidence of the prior incident before jury

selection but the court deferred its ruling until the State offered the evidence at trial.

After Officer Prevost testified on direct to the circumstances of his investigation at

 -9-
 STATE V. WILLIAMS

 Opinion of the Court

the Alpha Arms Apartments, the court ordered a recess in anticipation of voir dire.

Defense counsel briefly reminded the trial court of the basis for his objection and,

when the session resumed, the court convened a voir dire of Officer Prevost and

Sergeant Rabun.

 After hearing their testimony concerning the prior incident and the arguments

by counsel, the trial court ruled the evidence admissible. At that point, defense

counsel requested: “Judge, I would just note an exception for the record.” The trial

court responded: “Okay. Exception for the record.” Defense counsel failed to object

thereafter when Officer Prevost and Sergeant Rabun testified to the prior incident in

the presence of the jury but renewed his objection once more during the charge

conference.

 Based on the exchange between defense counsel and the trial court following

voir dire, it is understandable that counsel would not feel compelled to renew his

objection in the presence of the jury. To the extent that defense counsel relied on the

trial court’s statement as assurance that a subsequent objection was unnecessary to

preserve the issue, it would be fundamentally unfair to fault defendant on appeal—

especially since the purpose for which the evidence was admitted was not settled until

the charge conference. In light of the circumstances of this case, we review for

prejudicial error. See State v. Kostick, 233 N.C. App. 62, 67–68, 755 S.E.2d 411, 415–

16 (reviewing appeal on the merits where the trial court noted the defendant’s

 - 10 -
 STATE V. WILLIAMS

 Opinion of the Court

“exception” to a pre-trial ruling denying his motion to suppress; the defendant’s

failure to include the jury trial transcript in record on appeal made it impossible to

determine whether he renewed his objection at trial; and the State agreed that the

“pretrial hearing transcript would be sufficient for purposes of defendant’s appeal”),

disc. review denied, 367 N.C. 508, 758 S.E.2d 872 (2014).

B. Rule 404(b) Evidence

 “The admissibility of evidence is governed by a threshold inquiry into its

relevance.” State v. Griffin, 136 N.C. App. 531, 550, 525 S.E.2d 793, 806 (2000)

(citation omitted). Evidence is relevant if it has “any tendency to make the existence

of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence.” N.C. Gen. Stat. § 8C-1, Rule

401 (2015). Relevant evidence may nevertheless “be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence.” N.C. Gen. Stat. § 8C-1, Rule 403 (2015).

 Pursuant to Rule 404(b), “[e]vidence of other crimes, wrongs, or acts is not

admissible to prove the character of a person in order to show that he acted in

conformity therewith.” N.C. Gen. Stat. § 8C-1, Rule 404(b) (2015). Such evidence

“may, however, be admissible for other purposes, such as proof of motive, opportunity,

 - 11 -
 STATE V. WILLIAMS

 Opinion of the Court

intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or

accident.” Id. Rule 404(b) has thus been described as a

 general rule of inclusion of relevant evidence of other
 crimes, wrongs or acts by a defendant, subject to but one
 exception requiring its exclusion if its only probative value
 is to show that the defendant has the propensity or
 disposition to commit an offense of the nature of the crime
 charged.

State v. Coffey, 326 N.C. 268, 278–79, 389 S.E.2d 48, 54 (1990); see also State v. White,

340 N.C. 264, 284, 457 S.E.2d 841, 852–53 (1995) (“The list of permissible purposes

for admission of ‘other crimes’ evidence is not exclusive, and such evidence is

admissible as long as it is relevant to any fact or issue other than the defendant’s

propensity to commit the crime.” (citing State v. Bagley, 321 N.C. 201, 362 S.E.2d 244

(1987), cert. denied, 485 U.S. 1036 (1988))). “Rule 404(b) evidence, however, should

be carefully scrutinized in order to adequately safeguard against the improper

introduction of character evidence against the accused.” State v. Al-Bayyinah, 356

N.C. 150, 154, 567 S.E.2d 120, 122 (2002). In furtherance of “these important

evidentiary safeguards, the rule of inclusion described in Coffey is constrained by the

requirements of similarity and temporal proximity.” Id. at 154, 567 S.E.2d at 123

(citations omitted).

 Whether evidence is “within the coverage of Rule 404(b)” is a legal conclusion

reviewed de novo on appeal. State v. Beckelheimer, 366 N.C. 127, 130, 726 S.E.2d

156, 159 (2012). “ ‘Under a de novo review, the court considers the matter anew and

 - 12 -
 STATE V. WILLIAMS

 Opinion of the Court

freely substitutes its own judgment’ for that of the lower tribunal.” State v. Williams,

362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting In re Appeal of The Greens

of Pine Glen Ltd. P’ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

 Whether relevant evidence passes muster under Rule 403 is a discretionary

ruling reviewed for abuse of discretion on appeal. Beckelheimer, 366 N.C. at 130, 726

S.E.2d at 159. An abuse of discretion occurs “where the court’s ruling is manifestly

unsupported by reason or is so arbitrary that it could not have been the result of a

reasoned decision.” State v. Hennis, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

“In our review, we consider not whether we might disagree with the trial court, but

whether the trial court’s actions are fairly supported by the record.” State v. Lasiter,

361 N.C. 299, 302, 643 S.E.2d 909, 911 (2007) (citing Wainwright v. Witt, 469 U.S.

412, 434 (1985)).

 1. Knowledge

 We first address whether evidence of the prior incident was properly admitted

as circumstantial proof of defendant’s knowledge. Although knowledge is not an

essential element of possession of a firearm by a felon, see N.C. Gen. Stat. § 14-

415.1(a) (2015); State v. Mitchell, 224 N.C. App. 171, 176–78, 735 S.E.2d 438, 442–44

(2012), defendant’s position at trial—that he was not aware of the rifle and pistol—

made his guilty knowledge a material fact in issue. The State prosecuted defendant

on the theory of constructive possession, which requires that a defendant have “both

 - 13 -
 STATE V. WILLIAMS

 Opinion of the Court

the power and intent to control [the item’s] disposition or use.” State v. Harvey, 281

N.C. 1, 12, 187 S.E.2d 706, 714 (1972). “The requirements of power and intent

necessarily imply that a defendant must be aware of the [item’s] presence . . . if he is

to be convicted of possessing it.” State v. Davis, 20 N.C. App. 191, 192, 201 S.E.2d 61,

62 (1973). Circumstantial evidence that defendant knew of the firearms, therefore,

would tend to prove his constructive possession thereof.

 The problem with the testimony is that its tendency, if any, to prove knowledge

is based almost entirely upon defendant’s propensity to commit the crime charged.

The State contends that “the discovery of firearms in vehicles controlled by the

Defendant increases the likelihood that the Defendant was aware of the firearms in

and beside the [Crown] Victoria.” That is to say, a person who possessed a pistol in

the past is more likely to have known about the firearms found on a more recent

occasion. Knowledge, in the State’s assertion, does not follow logically from the mere

fact of prior possession. It flows instead from an intermediate inference, i.e., because

defendant possessed a firearm in the past, he probably did so again, and therefore

knew of the rifle and pistol. See David P. Leonard, The New Wigmore: Evidence of

Other Misconduct and Similar Events § 6.4.1, at 403–15 (2009).1

1The New Wigmore: Evidence of Other Misconduct and Similar Events refers to Federal Rule of
Evidence 404(b), which is nearly identical to the pertinent provisions of North Carolina Rule of
Evidence 404(b) at issue in this case.

 - 14 -
 STATE V. WILLIAMS

 Opinion of the Court

 Absent an intermediate character inference, the fact that defendant, one year

prior, was found to be in possession of a different firearm, in a different car, at a

different location, during a different type of investigation, does not tend to establish

that he was aware of the rifle and pistol in this case. See id. § 6.4.2, at 420 (“Of course,

a person’s mere possession of a firearm on an uncharged occasion, without more, has

no meaningful tendency to prove defendant knew of the presence of the firearm on

the charged occasion.”); see also id. (“Only when facts are present linking the two

events in time, by circumstances, or in other respects, is it appropriate to admit the

evidence to rebut a defense of lack of knowledge.”); cf. State v. Weldon, 314 N.C. 401,

403–07, 333 S.E.2d 701, 702–05 (1985) (holding that evidence of two similar occasions

in which heroin and large sums of cash were found in the defendant’s home was

admissible to prove guilty knowledge, where the defendant “denied knowing to whom

the heroin belonged or how it got into her house” and claimed “she would never

knowingly allow anyone to possess drugs on her premises”). Because its relevance

was based upon an improper character inference, the trial court erred in admitting

the evidence as proof of defendant’s knowledge.

 2. Opportunity

 Next, we address whether evidence of the prior incident was properly admitted

to establish defendant’s opportunity to commit the crime. Apart from conclusory

statements, the State offered no explanation—either at trial or on appeal—of the

 - 15 -
 STATE V. WILLIAMS

 Opinion of the Court

connection between the prior incident, opportunity, and possession. We can only

assume that the evidence was offered to first establish that defendant had access to

firearms, leading to the next logical inference that defendant had an opportunity to

possess them. The final inference, flowing from defendant’s opportunity, might be

that defendant possessed the rifle and pistol recovered in this case. See 1 Kenneth S.

Broun et al., McCormick on Evidence § 190, at 761–62 (6th ed. 2006) (describing

“opportunity, in the sense of access to or presence at the scene of the crime or in the

sense of possessing distinctive or unusual skills or abilities employed in the

commission of the crime charged” (footnotes omitted)).2 Possession was, of course, a

material fact in genuine dispute.

 The probative value of the prior incident to show opportunity and, ultimately,

possession is limited by three principal concerns. First, the jury had to make the

connection between possession in the prior incident and access to firearms before

establishing the intermediate fact of opportunity. The officers’ testimony of the prior

incident, however, falls short of explaining how defendant acquired the Glock 22, or

of revealing a reliable source of firearms. The shortcoming is understandable, as the

State did not initially offer the evidence to show opportunity. Although the

connection between prior possession and access is not a challenging one to make,

2 McCormick on Evidence also refers to Federal Rule of Evidence 404(b).

 - 16 -
 STATE V. WILLIAMS

 Opinion of the Court

adding another link to the chain of inferences naturally diminishes the probative

value of the evidence.

 Second, the mere fact that defendant had access to firearms does not place him

within a smaller category of potential perpetrators in this case. It was never

defendant’s contention that, as a convicted felon, he could not lawfully purchase

firearms and, therefore, had a lesser opportunity to possess them. Proof of

defendant’s opportunity to possess firearms only establishes his equal footing with a

majority of citizens who can purchase and possess firearms freely, and the prior

incident does not reveal some special opportunity to possess the particular rifle and

pistol recovered in this case. See Leonard, supra, § 11.2, at 664–65 (“[I]f everyone has

access to the means to commit a crime, the evidence either is not relevant or is of

negligible probative value to identify Defendant as the perpetrator.” (citing 1 Edward

J. Imwinkelried, Uncharged Misconduct Evidence § 3:03, at 6 (1998))).

 Finally, any tendency the evidence had to show opportunity was superfluous

in light of the other—and less prejudicial—evidence at trial. See State v. Wilkerson,

148 N.C. App. 310, 327, 559 S.E.2d 5, 16 (Wynn, J. dissenting) (“[T]he existence of

other evidence of defendant’s intent and knowledge in the instant case greatly

reduced the probative value of defendant’s prior convictions, while simultaneously

increasing their prejudicial effect.” (citation omitted)), rev’d per curiam for the reasons

stated in the dissent, 356 N.C. 418, 571 S.E.2d 583 (2002). Officer Prevost’s testimony

 - 17 -
 STATE V. WILLIAMS

 Opinion of the Court

already established that defendant had an opportunity to possess the rifle and pistol.

Defendant was seen standing next to the vehicle before Officer Prevost saw the rifle

in the back seat, the keys to the vehicle were found in defendant’s pants pocket, and

some of his belongings were found inside the vehicle. In fact, the testimony of his

own two witnesses would show that defendant had an opportunity to commit the

crime charged in that he associated with people who had firearms.

 The danger of unfair prejudice, on the other hand, is obvious. Evidence that

defendant possessed a pistol on a prior occasion naturally invites the presumption

that he did so again. The jury was far more likely to take the intuitive route, inferring

possession in this case based on defendant’s possession in the prior incident, than it

was to follow the strained logic connecting the prior incident to opportunity and,

ultimately, possession. See Leonard, supra, § 6.4.1, at 405–06. The more obvious

character inference is, of course, what Rule 404(b) prohibits and what Rule 403

attempts to guard against. See State v. Carpenter, 361 N.C. 382, 387–88, 646 S.E.2d

105, 109 (2007) (recognizing a “natural and inevitable tendency . . . to give excessive

weight to” evidence of a prior offense “and either to allow it to bear too strongly on

the present charge or to take the proof of it as justifying a condemnation, irrespective

of the accused’s guilt of the present charge.” (citations omitted) (internal quotation

marks omitted)); State v. Johnson, 317 N.C. 417, 430, 347 S.E.2d 7, 15 (1986) (noting

“[t]he dangerous tendency of [Rule 404(b)] evidence to mislead and raise a legally

 - 18 -
 STATE V. WILLIAMS

 Opinion of the Court

spurious presumption of guilt”); State v. McClain, 240 N.C. 171, 176, 81 S.E.2d 364,

368 (1954) (“[E]vidence of other crimes is likely to have a prejudicial effect on the

fundamental right of the accused to a fair trial . . . .”).

 Based on the minimal probative value, if any, that the prior incident had in

establishing opportunity and possession in this case, it was certainly and

substantially outweighed by the danger of unfair prejudice. While we are mindful

that a trial court is not required to make an explicit demonstration of the Rule 403

balancing test, State v. Mabrey, 184 N.C. App. 259, 266, 646 S.E.2d 559, 564 (2007),

there is some concern whether the court gave Rule 403 the attention it deserved. The

court initially ruled the evidence admissible to show that the officers were familiar

with defendant and that, on a prior occasion, “they found him in possession of a

firearm.” It was not until the charge conference that the court announced, without

explanation, that the evidence could be considered by the jury to show opportunity.

Based on the foregoing, we conclude that the trial court abused its discretion in

admitting evidence of the prior incident as proof of defendant’s opportunity to commit

the crime charged.

 3. Prejudice

 We further conclude that the trial court’s error in admitting the evidence for

no proper purpose was prejudicial to the defense and warrants a new trial. See N.C.

Gen. Stat. § 15A-1443(a) (2015). The circumstances in this case “reveal a distinct risk

 - 19 -
 STATE V. WILLIAMS

 Opinion of the Court

that the jury may have been led to convict based on evidence of an offense not then

before it.” State v. Hembree, 368 N.C. 2, 14, 770 S.E.2d 77, 86 (2015). The State’s

evidence of possession may have been sufficient to submit the charge to the jury, see

State v. Hudson, 206 N.C. App. 482, 489–90, 696 S.E.2d 577, 582–83 (2010), but it

was not overwhelming. Apart from the prior incident, the evidence of defendant’s

guilt was based circumstantially on his proximity to the vehicle and his control

thereof. Defendant’s evidence, on the other hand, tended to show that, despite any

control defendant had over the vehicle, he was not aware of the firearms. See State

v. Hairston, 156 N.C. App. 202, 205, 576 S.E.2d 121, 123 (2003) (holding that evidence

of the “defendant’s guilt was conflicting and was not so overwhelming as to make the

trial court’s error in admitting prior convictions evidence non-prejudicial”).

 We are also not convinced that the trial court’s limiting instructions had a

meaningful impact on the jury so as to cure the prejudice. The court emphasized the

use of the evidence to show knowledge, which rested upon an impermissible character

inference. In the same context, the court twice instructed the jury that “defendant

cannot be convicted for something he has done in the past, unless it is an element of

the charges here,” referring to the prior incident and defendant’s knowledge in this

case. In light of the conflicting evidence, the trial court’s instructions, and the

inherent prejudice associated with improper character evidence, there is a reasonable

 - 20 -
 STATE V. WILLIAMS

 Opinion of the Court

possibility that, had evidence of the prior incident not been admitted, the jury would

have reached a different result.

C. Jury Instructions

 As a separate issue on appeal, defendant contends that the trial court erred

each time it instructed the jury on the limited purpose for which it could consider

evidence of the prior incident. We discussed the court’s limiting instructions, supra,

only to explain the negligible impact that the instructions had in curing the prejudice

at trial. Based on our disposition and the unlikelihood that the same instruction will

be offered without the evidence, we do not specifically address defendant’s argument

or the preservation thereof. See Hairston, 156 N.C. App. at 205, 576 S.E.2d at 123.

 III. Conclusion

 The trial court erred in admitting evidence of the prior incident to show

defendant’s knowledge and opportunity to commit the crime charged. There is a

reasonable possibility that, had the evidence not been admitted, the jury would have

reached a different result. Defendant is entitled to a new trial.

 NEW TRIAL.

 Judge ZACHARY concurs.

 Judge DILLON dissents by separate opinion.

 - 21 -
 No. COA16-684 – STATE v. WILLIAMS

 DILLON, Judge, dissenting.

 On appeal, Defendant argues that the trial court erred in admitting certain

testimony from a State witness. The jurisprudence from our Supreme Court compels

us to conclude that Defendant did not properly preserve his objection to this

testimony. Accordingly, I disagree with the majority and believe that we should

review the alleged error for plain error. Further, I do not believe that the admission

of the challenged testimony amounted to plain error.

 In the present case, the trial court conducted a voir dire of the proposed

testimony outside the presence of the jury. After hearing the testimony, the trial

court indicated that it would admit the evidence. Defendant’s counsel noted an

exception for the record, which the trial court acknowledged. The jury was then called

back in, and the State offered the testimony into evidence. However, when the State

offered the testimony in the presence of the jury, Defendant’s counsel did not object.

 Our Supreme Court has held that a defendant who objects during a forecast of

evidence outside the presence of the jury does not preserve the objection unless he

objects when the testimony is offered into evidence in the jury’s presence:

 Generally speaking, the appellate courts of this state will
 not review a trial court’s decision to admit evidence unless
 there has been a timely objection. To be timely, an
 objection to the admission of evidence must be made at the
 time it is actually introduced at trial. It is insufficient to
 object only to the presenting party’s forecast of the
 evidence. As such, in order to preserve for appellate review
 a trial court’s decision to admit testimony, objections to that
 testimony must be contemporaneous with the time such
 STATE V. WILLIAMS

 DILLON, J., dissenting

 testimony is offered into evidence and not made only during
 a hearing out of the jury’s presence prior to the actual
 introduction of the testimony.

State v. Ray, 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010) (citations and internal

marks omitted) (emphasis added).

 Much like in the present case, in Ray, the trial court excused the jury while it

conducted a voir dire of a line of questioning that the State wanted to pursue during

its cross-examination of the defendant. The defendant’s counsel objected to the line

of questioning during the voir dire but failed to renew the objection when the

evidence was offered in the presence of the jury. Id. at 276, 697 S.E.2d at 321. The

Supreme Court held that the defendant did not preserve the objection; and,

therefore, any error could only be reviewed for plain error. Id. at 277, 697 S.E.2d at

322. The Supreme Court reaffirmed its holding just last year in State v. Snead, 368

N.C. 811, 816, 783 S.E.2d 733, 737-38 (2016).

 The majority argues that it would be “fundamentally unfair” to fault

Defendant on appeal. I understand the majority’s argument.3 However, the

Supreme Court has been clear on this point. And we are compelled to follow holdings

 3 The majority relies, in part, on State v. Randolph, 224 N.C. App. 521, 735 S.E.2d 845 (2012).
Randolph, though, does not cite any Supreme Court opinions to support its holding. We are bound to
follow Supreme Court precedent until that precedent is overruled, notwithstanding a contrary opinion
from our Court. See Andrews v. Haygood, 188 N.C. App. 244, 248, 655 S.E.2d 440, 443 (2008) (“[T]his
Court has no authority to overrule decisions of our Supreme Court and we have the responsibility to
follow those decisions until otherwise ordered by our Supreme Court.” (citations and internal marks
omitted)).

 2
 STATE V. WILLIAMS

 DILLON, J., dissenting

from our Supreme Court. See Dunn v. Pate, 334 N.C. 115, 118, 431 S.E.2d 178, 180

(1993). Accordingly, I conclude that we must apply plain error.4

 Turning to the merits of the present appeal, I conclude that, even assuming

arguendo that the admission of the testimony was error, the error did not amount to

plain error. There was sufficient evidence from which a jury could infer that

Defendant possessed a weapon. For instance, there was evidence that he was driving

the car where one of the weapons was found. See State v. Best, 214 N.C. App. 39, 47,

713 S.E.2d 556, 562 (2011) (suggesting that control of the vehicle where weapons are

found is sufficient to go to the jury on the issue of constructive possession). Further,

an officer testified that he observed Defendant standing on the same side of the car

where one weapon was later found lying on the ground under the car. Therefore, I

cannot say that the jury “probably” would have reached a different verdict had the

challenged testimony not been offered.

 Defendant also argues on appeal that the trial court erred in certain portions

of its instructions to the jury. The majority does not address this issue, based on its

conclusion that the admission of the testimony from the State’s witness constituted

 4 The majority relies, in part, on the trial judge’s statement that Defendant’s objection made
during voir dire was noted in the record. However, the trial court did not offer its legal opinion that
the objection was sufficient to preserve it for appellate review. And it is evident that the trial judges
in Ray and Snead also allowed the objections made during voir dire to be part of the record, as our
Supreme Court references those objections in its opinions. See Ray, 364 N.C. at 276-77, 697 S.E.2d at
321-22; Snead, 368 N.C. at 816, 783 S.E.2d at 737-38. However, the fact that the objections were part
of the record in those cases did not satisfy the requirement that the record had to show that the
objections were renewed when the challenged evidence was offered in the presence of the jury.

 3
 STATE V. WILLIAMS

 DILLON, J., dissenting

reversible error. Regarding Defendant’s argument concerning the jury instructions,

I conclude that, even assuming the instructions were error, the jury “probably” would

not have reached a different verdict without those instructions.

 In conclusion, I believe that Defendant received a fair trial, free from plain

error.

 4