ELMORE, Judge.
*607 Daryl Williams (defendant) was charged with possession of a firearm by a felon after officers found an AK-47 rifle in the back seat of a vehicle and a Highpoint .380 pistol next to the rear tire on the passenger's side. At trial, the State offered evidence of a prior incident in which officers found a Glock 22 pistol in a different vehicle occupied by defendant. The trial court admitted the evidence to show defendant's knowledge and opportunity to commit the crime charged. At the conclusion of trial, the jury found defendant guilty of possession of a firearm by a felon and he pleaded guilty to attaining habitual felon status.
After his conviction, defendant filed a petition for writ of certiorari, which we allowed. Defendant argues that evidence of the prior incident was not admissible under Rules 404(b) and 403, and that the trial court erred each time it instructed the jury on the limited purpose for which it could consider the *171 evidence. Reviewing for prejudicial error, we hold that the trial court erred in admitting the evidence as circumstantial *608 proof of defendant's knowledge, and the trial court abused its discretion in admitting the evidence as circumstantial proof of defendant's opportunity to commit the crime charged. We need not address defendant's second argument regarding the court's jury instructions. Defendant is entitled to a new trial.
I. Background
On 30 November 2014 at 1:45 a.m., Officer Kenneth Prevost responded to a "shots fired" call at the Alpha Arms Apartments in Goldsboro. Upon his arrival, he saw defendant and two unidentified men in the parking lot standing near a Crown Victoria. The front passenger's door was open and he saw defendant put something into the vehicle before shutting the door. The two men walked away as Officer Prevost approached but defendant remained standing on the passenger's side of the vehicle.
When Officer Prevost asked defendant if he had heard any gunshots, defendant replied that he had not. Defendant also denied having any weapons on him. Officer Prevost frisked defendant and, after confirming he was unarmed, told defendant he was free to go. As defendant walked away, Officer Prevost shined a flashlight inside the Crown Victoria and observed an AK-47 rifle in the back seat. When he saw the rifle, he ordered defendant to stop and placed him under arrest.
Officer Prevost searched defendant incident to his arrest, finding the keys to the Crown Victoria in his pants pocket. Once backup arrived, the officers proceeded to search the vehicle. Officer Prevost noticed a strong odor of marijuana when he opened the passenger's side door but did not find any marijuana inside the vehicle. The officers did find defendant's debit card, his social security card, and a medication bottle with defendant's name on it. Although the vehicle was not registered to defendant, Officer Prevost testified that he had seen defendant driving it on other occasions.
Along with the rifle in the back seat, the officers found a Highpoint .380 pistol underneath the vehicle, next to the rear tire on the passenger's side. Officer Prevost seized the firearms and secured them in the trunk of his patrol car. No fingerprint analysis was conducted on the rifle or pistol, and no tests were performed to determine if they had been fired that night.
Defendant offered evidence at trial tending to show that he had no knowledge of the rifle and pistol recovered at the scene. Tyrik Joyner testified that he was at the apartment complex on 30 November 2014 with his cousin, Ty'rek Mathis. Joyner was visiting with his "homegirl,"
*609 Shaniqua Johnson, who lived in one of the apartments. Joyner received a call from his uncle who had recently purchased the AK-47 and asked Joyner to hold onto the rifle while he went to the club. His uncle dropped off the rifle and Joyner, having nowhere else to keep it, placed it in the back seat of the unlocked Crown Victoria. He claimed that the vehicle belonged to Johnson, though she let other people drive it. Joyner testified that no one fired the rifle and the shots he and Mathis heard came from a different direction. Although Joyner had seen defendant walking around the apartment complex earlier that evening, defendant was not at Johnson's apartment and was not present when Joyner placed the rifle in the back seat.
Mathis also testified that he was with Joyner at the apartment complex that night. Mathis was reluctantly carrying a pistol that belonged to another cousin, who had asked Mathis to hold it for him. Mathis and Joyner planned on going to Johnson's apartment that night to drink and play cards but Mathis knew that Johnson would not allow guns in her apartment. He also testified: "I'm not no guy that, you know, walk around with no gun." When he saw Joyner place the rifle in the back seat of the Crown Victoria, Mathis decided he too would leave the pistol underneath the vehicle before heading inside. As far as he knew, the vehicle belonged to Johnson and was driven by Johnson. Mathis testified that he did not see defendant or the police that night. It was only when he left Johnson's apartment later that he realized the pistol was gone.
*172 The issues raised in defendant's petition for writ of certiorari are based upon the admission of Rule 404(b) evidence at trial. Officer Prevost and Sergeant Leanne Rabun testified that they had a previous encounter with defendant on 12 July 2013 (the "prior incident"). They responded to a call to investigate a suspected drug transaction between two men in the parking lot of a strip mall. One had since left the parking lot but the other was seen entering a white SUV. Officer Prevost arrived to conduct a K-9 sniff of the vehicle and saw defendant, the sole occupant, sitting in the driver's seat. The sniff led to a subsequent search of the vehicle in which the officers found a Glock 22 pistol with an extended magazine underneath the driver's seat.
At trial, the State argued that it was not offering the evidence to prove conduct in conformity therewith but as independently relevant circumstantial evidence of motive, knowledge, and identity. Sergeant Rabun testified during voir dire that defendant told her he was carrying the Glock 22 because his house had been robbed which, according to the State, was evidence of his motive to carry a firearm for protection.
*610 As to knowledge, the State argued that the prior incident tended to show that defendant knew the rifle and pistol were in and around the Crown Victoria. Finally, the State asserted that the prior incident was relevant to identify defendant as the perpetrator because it shows "that these are his firearms. That's a habit of his modus operandi to have firearms."
After voir dire , the trial court announced its ruling on the evidence:
THE COURT: Okay. Court's going to allow that evidence in for limited purpose of basically the fact that the officers were familiar with him; and on a prior occasion, that being July 12, 2013, there was a prior incident which defendant was stopped for suspicion of some crime; and they found him in possession of a firearm, and that's going to be the extent of it.
Although the purpose for which the evidence was initially admitted is not clear, the court subsequently denied the State's request to ask Sergeant Rabun about the reason for which defendant had the Glock 22, indicating that the prior incident was not admitted to show motive.
After Officer Prevost and Sergeant Rabun testified, the trial court instructed the jury that it could only consider the evidence as proof of defendant's knowledge:
THE COURT: ... Ladies and Gentlemen, the Court is going to give you a limited instruction regarding prior testimony in this case. Evidence of other crimes is inadmissible if it's only referenced to show the character of the accused.
There are two exceptions, one where a specific mental attitude, state, is an essential element of the crime charged. Evidence may be offered of certain action, declaration of the accused as it tends to establish the requisite mental intent or state even though the evidence disclosed the commission of another offense by the accused. And two, where a guilt[y] knowledge is an essential element of the crime charged. Evidence to be offered of such action and declaration of an accused tend[s] to establish the requisite guilt[y] knowledge even though the evidence reveals commission of another offense by the accused.
Ladies and Gentlemen, the defendant cannot be convicted in this trial for something he has done in the past unless it is an essential element of the charge here.
*611 Later, during the charge conference, the trial court announced for the first time that the evidence could also be considered as proof of defendant's opportunity to commit the crime charged. The court instructed the jury thereafter:
Evidence that has been received tend[s] to show that that previous encounter, defendant and Officer Prevost, were involved in an incident which involved a firearm, which was detailed as a Glock pistol. This evidence was received solely for showing defendant had knowledge, which is a necessary element of the crime charged in the case , and that defendant had opportunity to commit the crime .
If you believe this evidence, you may consider it, which you will consider it only for the limited purpose which it was received.
*173 You may not consider it for any other purpose. Evidence of other crimes is inadmissible if its only relevance is to show the character of the accused. There are exceptions to the rule. They are when specific mental attitude or state is a sentencing element of the crime charged.
Evidence may be offered of such action [ ]or declaration of the accused as they tend to establish mental state even though the evidence discloses the commission of another offense by the accused or where guilt[y] knowledge is an essential element of the crime charged.
Evidence may be offered of such action or declarations of the accused that tends to establish required guilt[y] knowledge; that even though the evidence reveals a commissioned offense by the accused, defendant cannot be convicted in this trial for something he has done in the past, unless it is an element of the charges here.
(Emphasis added.)
II. Discussion
Defendant raises two issues for appellate review. First, defendant argues that testimony of the prior incident was improper character evidence under Rule 404(b) and should have otherwise been excluded under Rule 403. Second, defendant argues that the trial court erred each time it instructed the jury on the limited purpose for which it could consider the evidence.
*612 A. Preservation
Defendant maintains that his trial counsel's objections to the prior incident were sufficient to preserve the first issue for appellate review, citing to this Court's decision in State v. Randolph , 224 N.C.App. 521, 527-28, 735 S.E.2d 845, 850-51 (2012) (holding that the defendant preserved issue for appeal where he filed a pre-trial motion to suppress, the trial court deferred ruling until the issue arose at trial, the defendant objected on the same grounds during voir dire , but he did not object to the challenged testimony when it was elicited before the jury), appeal dismissed , 366 N.C. 562, 738 S.E.2d 392 (2013). Alternatively, defendant contends that the admission of the evidence amounts to plain error. The State argues in response that our review is limited to plain error because defendant failed to raise a timely objection at trial.
Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure provides in pertinent part: "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1) (2017). "To be timely, an objection to the admission of evidence must be made 'at the time it is actually introduced at trial.' It is insufficient to object only to the presenting party's forecast of the evidence." State v. Ray , 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010) (quoting State v. Thibodeaux , 352 N.C. 570, 581, 532 S.E.2d 797, 806 (2000) ); see also State v. Snead , 368 N.C. 811, 816, 783 S.E.2d 733, 737-38 (2016) (holding that objection outside the presence of the jury was insufficient to preserve the alleged error for appellate review). An unpreserved issue in a criminal case may still be "presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4) (2017).
Defense counsel first objected to evidence of the prior incident before jury selection but the court deferred its ruling until the State offered the evidence at trial. After Officer Prevost testified on direct to the circumstances of his investigation at the Alpha Arms Apartments, the court ordered a recess in anticipation of voir dire . Defense counsel briefly reminded the trial court of the basis for his objection and, when the session resumed, the court convened a voir dire of Officer Prevost and Sergeant Rabun.
After hearing their testimony concerning the prior incident and the arguments by counsel, the trial court ruled the evidence admissible. At that point, defense counsel requested: "Judge, I would just *613 note an exception for the record." The trial court responded: "Okay. Exception for the record." Defense counsel failed to object thereafter when Officer Prevost and Sergeant Rabun *174 testified to the prior incident in the presence of the jury but renewed his objection once more during the charge conference.
Based on the exchange between defense counsel and the trial court following voir dire , it is understandable that counsel would not feel compelled to renew his objection in the presence of the jury. To the extent that defense counsel relied on the trial court's statement as assurance that a subsequent objection was unnecessary to preserve the issue, it would be fundamentally unfair to fault defendant on appeal-especially since the purpose for which the evidence was admitted was not settled until the charge conference. In light of the circumstances of this case, we review for prejudicial error. See State v. Kostick , 233 N.C.App. 62, 67-68, 755 S.E.2d 411, 415-16 (reviewing appeal on the merits where the trial court noted the defendant's "exception" to a pre-trial ruling denying his motion to suppress; the defendant's failure to include the jury trial transcript in record on appeal made it impossible to determine whether he renewed his objection at trial; and the State agreed that the "pretrial hearing transcript would be sufficient for purposes of defendant's appeal"), disc. review denied , 367 N.C. 508, 758 S.E.2d 872 (2014).
B. Rule 404(b) Evidence
"The admissibility of evidence is governed by a threshold inquiry into its relevance." State v. Griffin , 136 N.C.App. 531, 550, 525 S.E.2d 793, 806 (2000) (citation omitted). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2015). Relevant evidence may nevertheless "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2015).
Pursuant to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2015). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Id . Rule 404(b) has thus been described as a
*614 general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.
State v. Coffey , 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) ; see also State v. White , 340 N.C. 264, 284, 457 S.E.2d 841, 852-53 (1995) ("The list of permissible purposes for admission of 'other crimes' evidence is not exclusive, and such evidence is admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." (citing State v. Bagley , 321 N.C. 201, 362 S.E.2d 244 (1987), cert. denied , 485 U.S. 1036, 108 S.Ct. 1598, 99 L.Ed.2d 912 (1988) )). " Rule 404(b) evidence, however, should be carefully scrutinized in order to adequately safeguard against the improper introduction of character evidence against the accused." State v. Al-Bayyinah , 356 N.C. 150, 154, 567 S.E.2d 120, 122 (2002). In furtherance of "these important evidentiary safeguards, the rule of inclusion described in Coffey is constrained by the requirements of similarity and temporal proximity." Id. at 154, 567 S.E.2d at 123 (citations omitted).
Whether evidence is "within the coverage of Rule 404(b)" is a legal conclusion reviewed de novo on appeal. State v. Beckelheimer , 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). " 'Under a de novo review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quoting In re Appeal of The Greens of Pine Glen Ltd. P'ship , 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) ).
Whether relevant evidence passes muster under Rule 403 is a discretionary *175 ruling reviewed for abuse of discretion on appeal. Beckelheimer , 366 N.C. at 130, 726 S.E.2d at 159. An abuse of discretion occurs "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis , 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). "In our review, we consider not whether we might disagree with the trial court, but whether the trial court's actions are fairly supported by the record." State v. Lasiter , 361 N.C. 299, 302, 643 S.E.2d 909, 911 (2007) (citing Wainwright v. Witt , 469 U.S. 412, 434, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) ).
1. Knowledge
We first address whether evidence of the prior incident was properly admitted as circumstantial proof of defendant's knowledge. Although knowledge is not an essential element of possession of a firearm by a *615 felon, see N.C. Gen. Stat. § 14-415.1(a) (2015) ; State v. Mitchell , 224 N.C.App. 171, 176-78, 735 S.E.2d 438, 442-44 (2012), defendant's position at trial-that he was not aware of the rifle and pistol-made his guilty knowledge a material fact in issue. The State prosecuted defendant on the theory of constructive possession, which requires that a defendant have "both the power and intent to control [the item's] disposition or use." State v. Harvey , 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). "The requirements of power and intent necessarily imply that a defendant must be aware of the [item's] presence ... if he is to be convicted of possessing it." State v. Davis , 20 N.C.App. 191, 192, 201 S.E.2d 61, 62 (1973). Circumstantial evidence that defendant knew of the firearms, therefore, would tend to prove his constructive possession thereof.
The problem with the testimony is that its tendency, if any, to prove knowledge is based almost entirely upon defendant's propensity to commit the crime charged. The State contends that "the discovery of firearms in vehicles controlled by the Defendant increases the likelihood that the Defendant was aware of the firearms in and beside the [Crown] Victoria." That is to say, a person who possessed a pistol in the past is more likely to have known about the firearms found on a more recent occasion. Knowledge, in the State's assertion, does not follow logically from the mere fact of prior possession. It flows instead from an intermediate inference, i.e., because defendant possessed a firearm in the past, he probably did so again , and therefore knew of the rifle and pistol. See David P. Leonard, The New Wigmore: Evidence of Other Misconduct and Similar Events § 6.4.1, at 403-15 (2009).[1]
Absent an intermediate character inference, the fact that defendant, one year prior, was found to be in possession of a different firearm, in a different car, at a different location, during a different type of investigation, does not tend to establish that he was aware of the rifle and pistol in this case. See id. § 6.4.2, at 420 ("Of course, a person's mere possession of a firearm on an uncharged occasion, without more, has no meaningful tendency to prove defendant knew of the presence of the firearm on the charged occasion."); see also id. ("Only when facts are present linking the two events in time, by circumstances, or in other respects, is it appropriate to admit the evidence to rebut a defense of lack of knowledge."); cf. State v. Weldon , 314 N.C. 401, 403-07, 333 S.E.2d 701, 702-05 (1985) (holding that evidence of two similar occasions in *616 which heroin and large sums of cash were found in the defendant's home was admissible to prove guilty knowledge, where the defendant "denied knowing to whom the heroin belonged or how it got into her house" and claimed "she would never knowingly allow anyone to possess drugs on her premises"). Because its relevance was based upon an improper character inference, the trial court erred in admitting the evidence as proof of defendant's knowledge.
2. Opportunity
Next, we address whether evidence of the prior incident was properly admitted to establish defendant's opportunity to commit *176 the crime. Apart from conclusory statements, the State offered no explanation-either at trial or on appeal-of the connection between the prior incident, opportunity, and possession. We can only assume that the evidence was offered to first establish that defendant had access to firearms, leading to the next logical inference that defendant had an opportunity to possess them. The final inference, flowing from defendant's opportunity, might be that defendant possessed the rifle and pistol recovered in this case. See 1 Kenneth S. Broun et al., McCormick on Evidence § 190, at 761-62 (6th ed. 2006) (describing "opportunity, in the sense of access to or presence at the scene of the crime or in the sense of possessing distinctive or unusual skills or abilities employed in the commission of the crime charged" (footnotes omitted)).[2] Possession was, of course, a material fact in genuine dispute.
The probative value of the prior incident to show opportunity and, ultimately, possession is limited by three principal concerns. First, the jury had to make the connection between possession in the prior incident and access to firearms before establishing the intermediate fact of opportunity. The officers' testimony of the prior incident, however, falls short of explaining how defendant acquired the Glock 22, or of revealing a reliable source of firearms. The shortcoming is understandable, as the State did not initially offer the evidence to show opportunity. Although the connection between prior possession and access is not a challenging one to make, adding another link to the chain of inferences naturally diminishes the probative value of the evidence.
Second, the mere fact that defendant had access to firearms does not place him within a smaller category of potential perpetrators in this case. It was never defendant's contention that, as a convicted felon, he could *617 not lawfully purchase firearms and, therefore, had a lesser opportunity to possess them. Proof of defendant's opportunity to possess firearms only establishes his equal footing with a majority of citizens who can purchase and possess firearms freely, and the prior incident does not reveal some special opportunity to possess the particular rifle and pistol recovered in this case. See Leonard, supra , § 11.2, at 664-65 ("[I]f everyone has access to the means to commit a crime, the evidence either is not relevant or is of negligible probative value to identify Defendant as the perpetrator." (citing 1 Edward J. Imwinkelried, Uncharged Misconduct Evidence § 3:03, at 6 (1998))).
Finally, any tendency the evidence had to show opportunity was superfluous in light of the other-and less prejudicial-evidence at trial. See State v. Wilkerson , 148 N.C.App. 310, 327, 559 S.E.2d 5, 16 (Wynn, J. dissenting) ("[T]he existence of other evidence of defendant's intent and knowledge in the instant case greatly reduced the probative value of defendant's prior convictions, while simultaneously increasing their prejudicial effect." (citation omitted)), rev'd per curiam for the reasons stated in the dissent , 356 N.C. 418, 571 S.E.2d 583 (2002). Officer Prevost's testimony already established that defendant had an opportunity to possess the rifle and pistol. Defendant was seen standing next to the vehicle before Officer Prevost saw the rifle in the back seat, the keys to the vehicle were found in defendant's pants pocket, and some of his belongings were found inside the vehicle. In fact, the testimony of his own two witnesses would show that defendant had an opportunity to commit the crime charged in that he associated with people who had firearms.
The danger of unfair prejudice, on the other hand, is obvious. Evidence that defendant possessed a pistol on a prior occasion naturally invites the presumption that he did so again. The jury was far more likely to take the intuitive route, inferring possession in this case based on defendant's possession in the prior incident, than it was to follow the strained logic connecting the prior incident to opportunity and, ultimately, possession. See Leonard, supra , § 6.4.1, at 405-06. The more obvious character inference is, of course, what Rule 404(b) prohibits and what Rule 403 attempts to guard against. See State v. Carpenter , 361 N.C. 382, 387-88, 646 S.E.2d 105, 109 (2007) (recognizing a "natural and inevitable tendency ... to give excessive weight to" evidence of a prior offense "and *177 either to allow it to bear too strongly on the present charge or to take the proof of it as justifying a condemnation, irrespective of the accused's guilt of the present charge." (citations omitted) (internal quotation marks omitted)); *618 State v. Johnson , 317 N.C. 417, 430, 347 S.E.2d 7, 15 (1986) (noting "[t]he dangerous tendency of [ Rule 404(b) ] evidence to mislead and raise a legally spurious presumption of guilt"); State v. McClain , 240 N.C. 171, 176, 81 S.E.2d 364, 368 (1954) ("[E]vidence of other crimes is likely to have a prejudicial effect on the fundamental right of the accused to a fair trial....").
Based on the minimal probative value, if any, that the prior incident had in establishing opportunity and possession in this case, it was certainly and substantially outweighed by the danger of unfair prejudice. While we are mindful that a trial court is not required to make an explicit demonstration of the Rule 403 balancing test, State v. Mabrey , 184 N.C.App. 259, 266, 646 S.E.2d 559, 564 (2007), there is some concern whether the court gave Rule 403 the attention it deserved. The court initially ruled the evidence admissible to show that the officers were familiar with defendant and that, on a prior occasion, "they found him in possession of a firearm." It was not until the charge conference that the court announced, without explanation, that the evidence could be considered by the jury to show opportunity. Based on the foregoing, we conclude that the trial court abused its discretion in admitting evidence of the prior incident as proof of defendant's opportunity to commit the crime charged.
3. Prejudice
We further conclude that the trial court's error in admitting the evidence for no proper purpose was prejudicial to the defense and warrants a new trial. See N.C. Gen. Stat. § 15A-1443(a) (2015). The circumstances in this case "reveal a distinct risk that the jury may have been led to convict based on evidence of an offense not then before it." State v. Hembree , 368 N.C. 2, 14, 770 S.E.2d 77, 86 (2015). The State's evidence of possession may have been sufficient to submit the charge to the jury, see State v. Hudson , 206 N.C.App. 482, 489-90, 696 S.E.2d 577, 582-83 (2010), but it was not overwhelming. Apart from the prior incident, the evidence of defendant's guilt was based circumstantially on his proximity to the vehicle and his control thereof. Defendant's evidence, on the other hand, tended to show that, despite any control defendant had over the vehicle, he was not aware of the firearms. See State v. Hairston , 156 N.C.App. 202, 205, 576 S.E.2d 121, 123 (2003) (holding that evidence of the "defendant's guilt was conflicting and was not so overwhelming as to make the trial court's error in admitting prior convictions evidence non-prejudicial").
We are also not convinced that the trial court's limiting instructions had a meaningful impact on the jury so as to cure the prejudice. The court *619 emphasized the use of the evidence to show knowledge, which rested upon an impermissible character inference. In the same context, the court twice instructed the jury that "defendant cannot be convicted for something he has done in the past, unless it is an element of the charges here," referring to the prior incident and defendant's knowledge in this case. In light of the conflicting evidence, the trial court's instructions, and the inherent prejudice associated with improper character evidence, there is a reasonable possibility that, had evidence of the prior incident not been admitted, the jury would have reached a different result.
C. Jury Instructions
As a separate issue on appeal, defendant contends that the trial court erred each time it instructed the jury on the limited purpose for which it could consider evidence of the prior incident. We discussed the court's limiting instructions, supra , only to explain the negligible impact that the instructions had in curing the prejudice at trial. Based on our disposition and the unlikelihood that the same instruction will be offered without the evidence, we do not specifically address defendant's argument or the preservation thereof. See Hairston , 156 N.C.App. at 205, 576 S.E.2d at 123.
III. Conclusion
The trial court erred in admitting evidence of the prior incident to show defendant's knowledge and opportunity to commit the *178 crime charged. There is a reasonable possibility that, had the evidence not been admitted, the jury would have reached a different result. Defendant is entitled to a new trial.
NEW TRIAL.
Judge ZACHARY concurs.
Judge DILLON dissents by separate opinion.

The New Wigmore: Evidence of Other Misconduct and Similar Events refers to Federal Rule of Evidence 404(b), which is nearly identical to the pertinent provisions of North Carolina Rule of Evidence 404(b) at issue in this case.

McCormick on Evidence also refers to Federal Rule of Evidence 404(b).