INMAN, Judge.
 

 *591
 

 *106
 
 Defendant Craig Deonte Hairston ("Defendant") appeals from two judgments following a jury verdict finding him guilty of conspiring to commit robbery with a firearm and first-degree murder under the felony murder rule. He argues that he is entitled to a new trial because the trial court erred in admitting testimony about Defendant's use of a firearm in a prior incident and because the trial court erred in permitting a ballistics expert to give an unqualified opinion linking spent shell casings to a single firearm allegedly possessed by Defendant. Because Defendant failed to timely object to the testimony regarding the prior incident and
 
 *107
 
 invited the expert opinion testimony he asserts was introduced in error, we hold that Defendant has failed to preserve review of these arguments and dismiss his appeal.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 The evidence at trial tended to show the following:
 

 On 28 August 2014, Defendant travelled from Virginia to Greensboro, North Carolina to visit a friend, Montray Price ("Price"), at his apartment. Defendant and Price were drinking beer and smoking on the apartment's balcony when, apropos of nothing, they resolved to head into a nearby patch of woods and shoot guns. Defendant, carrying a .45 caliber pistol, and Price, carrying a .32 caliber firearm, walked from the apartment to the complex's parking lot, where they decided to simply fire their guns into the air rather than walk all the way to the woods. Defendant and Price fired their guns and left the parking lot without picking up the spent shell casings. A tenant in the complex found the shell casings later that day and called the Greensboro Police Department. The responding officer collected the .45 and .32 casings and logged them into evidence.
 

 A few days later, on 1 September 2014, Defendant again drove down from Virginia to Price's apartment. There, Defendant met with Price and a third man, Colby Watkins ("Watkins"), and spent the afternoon smoking marijuana and drinking. Their conversation eventually turned to the topic of making money, and the three decided to use Defendant's and Price's guns to rob a drug dealer. They ultimately abandoned that plan and returned to drinking and smoking well into the evening. Later that night, Price received a text message from a prostitute, Jessica London ("London"). He asked if she had any drugs, and she replied that she did; Defendant, Price, and Watson thereafter left the apartment to meet with London at a nearby Holiday Inn.
 

 The three men arrived at the Holiday Inn after midnight on 2 September 2014, and London joined them in their car to smoke marijuana. The group drove to a gas station, where Price and Watson went inside while Defendant and London stayed in the car. Inside the gas station, Watson told Price that he wanted to rob London, to which Price said no, reasoning that London likely did not keep any money on her person. Watson and Price returned to Defendant and London in the car, and the four drove back to the Holiday Inn.
 

 Back at the hotel, Price and London went inside to have sex after she called and informed her pimp. Price rejoined Watson and Defendant in the car some time later, and the three drove away from the Holiday
 
 *108
 
 Inn. As they were leaving; however, Watson saw London's pimp drive by, and the group agreed to rob him.
 

 Watson, Price, and Defendant drove to Price's apartment, retrieved their guns, and parked their car at a Waffle House near the Holiday Inn to plan the robbery. Defendant and Price then walked to the hotel and donned masks while Watson stayed in the car. The pair approached an occupied silver car in the Holiday Inn parking lot and demanded money from the driver, Kevin Millner ("Millner")-a man who was not, in fact, London's pimp or related to her in any way whatsoever. Millner screamed, and a shot
 
 *592
 
 rang out. Price and Defendant fled the scene on foot.
 

 After sun-up on 2 September 2014, a maintenance man at the Holiday Inn found a spent .45 caliber shell casing in the hotel parking lot near Millner's car, pocketing it to dispose of later. Sometime thereafter, the maintenance man noticed Millner in his vehicle with the windows closed, believing he was asleep. The assistant general manager of the hotel, at the maintenance man's suggestion, decided to check on Millner due to the unseasonably hot weather. When the assistant general manager approached the vehicle, he realized that Millner was dead and called the police. Law enforcement officers arrived on the scene a short time later; the maintenance worker gave them the shell he had found earlier in the day.
 

 Defendant was indicted on 29 September 2014 on one count of first-degree murder and one count of conspiracy to commit robbery with a dangerous weapon. On the morning of the third day of trial, the State planned to call Price as a witness. However, before the jury was called back in and trial resumed, Defendant's counsel raised an objection to Price's testimony, stating:
 

 While the jury's out, I would like to impose-I think Mr. Montray Price will be the State's witness. The State, during his testimony, may-or will be introducing evidence of some uncharged conduct.
 

 We would pose an objection to the introduction of some shots being fired at [Price]'s apartment by my client as being uncharged conduct, and that it's not relevant to these proceedings under Rule 404 and 403.
 

 But even if it was deemed relevant by the Court, its prejudicial nature outweighs any probative value.
 

 The trial court then heard from the State on Defendant's objection and allowed the State to proffer Price's testimony during
 
 voir dire
 
 , complete
 
 *109
 
 with direct and cross-examination by both parties. At the conclusion of Price's
 
 voir dire
 
 testimony, the trial judge recessed court for 30 minutes, retired to his chambers, and considered the matter. Once court resumed, the trial judge asked a question of Price and subsequently overruled Defendant's objection. Defendant requested a limiting instruction, which was allowed. The jury returned to the courtroom and the trial resumed. Price testified before the jury concerning the events of 28 August and 2 September 2014. Defendant's trial counsel did not object at that time.
 

 The State also called as a witness Karen Weimorts ("Weimorts"), a firearms and tool mark examiner with the Greensboro Police Department, who provided expert testimony concerning the .45 caliber shells found on 28 August 2014 in the parking lot outside Price's apartment and on 2 September 2014 in the Holiday Inn parking lot. On direct examination, Weimorts testified that "the .45 casing from the homicide was fired in the same firearm as the .45 casings from the scene [outside Price's apartment] on August 28th." On cross-examination, Defendant's counsel eliminated any uncertainty in Weimorts's testimony by engaging in the following exchange:
 

 [Defendant's Counsel]: Is it your opinion that those [matching firing pin marks on the .45 casings] were made by one gun out of all of the .45-caliber pistols that are manufactured and sold in the U.S.?
 

 [Weimorts]: Yes.
 

 At no point did Defendant's counsel object to Weimorts's testimony.
 

 Following the presentation of evidence and arguments of counsel, the jury found Defendant guilty of feloniously conspiring to commit robbery with a firearm and first-degree murder under the felony murder rule. Defendant was sentenced to a minimum of 33 months and maximum of 52 months imprisonment for conspiracy and life imprisonment without parole for murder. He gave notice of appeal in open court.
 

 II.
 
 ANALYSIS
 

 Defendant presents two arguments on appeal, asserting that the trial court: (1) committed prejudicial error in admitting Price's testimony concerning the events of 28 August 2014; and (2) committed plain error in admitting Weimorts's unqualified testimony linking the two sets of .45 shell casings to a single firearm. Our review of the record, transcript,
 
 *593
 
 and case law, however, discloses that Defendant has failed to preserve either issue for review. As a result, we dismiss Defendant's appeal.
 
 *110
 

 A. Price's Testimony
 

 Rule 10 of the North Carolina Rules of Appellate Procedure establishes that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion ...." N.C. R. App. P. 10(a)(1) (2018). In construing this language, our Supreme Court has held that "[t]o be timely, an objection to the admission of evidence must be made 'at the time it is actually introduced at trial.' "
 
 State v. Ray
 
 ,
 
 364 N.C. 272
 
 , 277,
 
 697 S.E.2d 319
 
 , 322 (2010) (quoting
 
 State v. Thibodeaux
 
 ,
 
 352 N.C. 570
 
 , 581,
 
 532 S.E.2d 797
 
 , 806 (2000) (emphasis omitted) ). "It is insufficient to object only to the presenting party's forecast of the evidence."
 
 Ray
 
 ,
 
 364 N.C. at 277
 
 ,
 
 697 S.E.2d at
 
 322 (citing
 
 Thibodeaux
 
 ,
 
 352 N.C. at 581
 
 ,
 
 532 S.E.2d at
 
 806 ). Thus, "[a]n objection made 'only during a hearing out of the jury's presence prior to the actual introduction of the testimony' is insufficient."
 
 State v. Snead
 
 ,
 
 368 N.C. 811
 
 , 816,
 
 783 S.E.2d 733
 
 , 737 (2016) (quoting
 
 Ray
 
 ,
 
 364 N.C. at 277
 
 ,
 
 697 S.E.2d at
 
 322 ) (citations omitted).
 

 Our Supreme Court's decision in
 
 Snead
 
 controls our review of Defendant's argument regarding testimony about the prior shooting incident. In
 
 Snead
 
 , the defendant objected to the introduction of lay witness opinion testimony while the jury was outside the courtroom.
 
 368 N.C. at 813
 
 ,
 
 783 S.E.2d at 735
 
 . The trial court allowed a
 
 voir dire
 
 examination of the witness outside the presence of the jury following the objection, and ruled that the witness could provide the opinion testimony at issue.
 

 Id.
 

 at 813
 
 ,
 
 783 S.E.2d at 736
 
 . The jury was called back in, and the witness gave his opinion testimony without objection from the defendant.
 

 Id.
 

 at 813-14
 
 ,
 
 783 S.E.2d at 736
 
 . On review to this Court, we held that the trial court abused its discretion in admitting the opinion testimony and vacated the defendant's conviction.
 
 State v. Snead
 
 ,
 
 239 N.C. App. 439
 
 ,
 
 768 S.E.2d 344
 
 (2015). On discretionary review, our Supreme Court reversed our decision, holding that the defendant had failed to preserve the issue for appeal:
 

 Here defendant objected to [the opinion] testimony ... only outside the presence of the jury. He did not subsequently object when the State elicited [that] testimony before the jury. Therefore, defendant failed to preserve the alleged error for appellate review, and "the Court of Appeals erred by reaching the merits of defendant's arguments on this issue."
 

 Snead
 
 ,
 
 368 N.C. at 816
 
 ,
 
 783 S.E.2d at 738
 
 (quoting
 
 Ray
 
 ,
 
 364 N.C. at 278
 
 ,
 
 697 S.E.2d at
 
 322 ).
 

 *111
 
 Defendant's challenge to Price's testimony on appeal proceeds upon almost precisely the same series of events present in
 
 Snead
 
 . As recounted
 
 supra
 
 , Defendant's counsel objected to Price's testimony outside the presence of the jury and before Price had been sworn in as a witness. The trial court allowed Defendant and the State to conduct a
 
 voir dire
 
 examination of Price and subsequently overruled Defendant's objection. The jury was called back to the courtroom, and Price testified before the jury without objection from Defendant's counsel. On these facts, and following
 
 Snead
 
 , we hold Defendant failed to preserve review of Price's testimony under Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure and dismiss this portion of his appeal.
 

 We note that the trial court considered Defendant's objection to Price's testimony to be "timely" when it was raised outside the presence of the jury. But Defendant did not timely object to the testimony when it was elicited before the jury.
 

 In
 
 State v. Williams
 
 , --- N.C. App. ----,
 
 801 S.E.2d 169
 
 (2017),
 
 reversed in part
 
 ,
 
 370 N.C. 526
 
 ,
 
 809 S.E.2d 581
 
 (2018), this Court held in a split decision that a defendant had preserved an evidentiary ruling despite his counsel's failure to object at the time the evidence was introduced before the jury because, "[b]ased on the exchange between defense counsel and the trial court following
 
 voir dire
 
 , it [was] understandable that counsel [did] not feel compelled to renew his objection in the presence of the jury." --- N.C. App. at ----,
 
 801 S.E.2d at 174
 
 . Holding that the defendant had failed to preserve
 
 *594
 
 the issue, the majority reasoned, would therefore be "fundamentally unfair[;]" as a result, we reviewed the issue on appeal.
 

 Id.
 

 at ----,
 
 801 S.E.2d at 174
 
 . Judge Dillon dissented based on
 
 Snead
 
 and
 
 Ray
 
 , writing that while he "under[stood] the majority's [unfairness] argument[,]" he would nonetheless hold the issue unpreserved for prejudicial error review, because "we are compelled to follow holdings from our Supreme Court."
 
 Williams
 
 , --- N.C. App. at ----,
 
 801 S.E.2d at 178
 
 (Dillon, J., dissenting). Ultimately, our Supreme Court reversed in part this Court's decision in
 
 Williams
 
 "for the reasons stated in the dissenting opinion."
 
 Williams
 
 ,
 
 370 N.C. at 526
 
 ,
 
 809 S.E.2d at 581
 
 .
 

 Consistent with our Supreme Court's decision in
 
 Williams
 
 , Defendant's counsel had the burden of lodging a timely objection to Price's testimony when it was elicited before the jury-the trial judge's conduct and Defendant's counsel's subjective understanding thereof notwithstanding-and his failure to do so precludes appellate review for prejudicial error. Because Defendant does not request plain error review of this issue, we dismiss this portion of his appeal.
 

 *112
 

 B. Weimorts's Testimony
 

 Defendant asserts that the trial court committed plain error in allowing Weimorts's testimony, arguing that unqualified tool mark identification is too unreliable to comply with the admissibility requirements of
 
 Daubert v. Merrell Dow Pharmaceuticals, Inc.
 
 ,
 
 509 U.S. 579
 
 ,
 
 113 S.Ct. 2786
 
 ,
 
 125 L.Ed.2d 469
 
 (1993).
 
 [1]
 
 Defendant relies entirely on decisions from other state and federal jurisdictions for this contention. We do not reach the issue, however, because as argued by the State, Defendant invited the error of which he complains. We therefore dismiss his argument.
 

 At the outset of this analysis, we note that Defendant does not contend that firearm identification through tool mark analysis is
 
 per se
 
 inadmissible under
 
 Daubert
 
 ; rather, he contends that "
 
 unqualified
 
 scientific opinions are precluded." (emphasis added). Examining the trial transcript, however, reveals that the Defendant elicited Weimorts's unqualified opinion-the only portion of her testimony Defendant argues constitutes error. As recounted
 
 supra
 
 , the State elicited Weimorts's opinion "[t]hat the .45 casing from the homicide was fired in the same firearm as the .45 casings from the scene [outside Price's apartment] on August 28th." At no point in the State's questioning did Weimorts state any particular degree of certainty, posit that her finding was absolutely conclusive, claim that her opinion was free from error, or expressly discount the possibility that the .45 casings could have been fired from different guns. That testimony came, instead, on cross-examination when Defendant's counsel asked "[i]s it your opinion that those [matching tool marks on the .45 casings] were made by one gun out of all of the .45-caliber pistols that are manufactured and sold in the U.S.[,]" to which Weimorts replied, "Yes." Defendant has therefore requested plain error review of language he himself introduced into the record "Statements elicited by a defendant on cross-examination are, even if error, invited error, by which a defendant cannot be prejudiced as a matter of law."
 
 State v. Gobal
 
 ,
 
 186 N.C. App. 308
 
 , 319,
 
 651 S.E.2d 279
 
 , 287 (2007) (citations omitted). "[A] defendant who invites error ... waive[s] his right to all appellate review concerning the invited error, including plain error review[,]"
 
 State v. Barber
 
 ,
 
 147 N.C. App. 69
 
 , 74,
 
 554 S.E.2d 413
 
 , 416 (2001), and, having done so here, Defendant's appeal for plain error review of Weimorts's testimony is dismissed.
 

 *113
 

 III.
 
 CONCLUSION
 

 For the foregoing reasons, we hold that Defendant failed to preserve review of the trial court's admission of Price's testimony. We further hold that the Defendant invited the plain error asserted in Weimorts's testimony. As a result, we dismiss Defendant's appeal in its entirety.
 

 DISMISSED.
 

 Judges DILLON and DAVIS concur.
 

 [1]
 

 This State has adopted the
 
 Daubert
 
 standard applicable to expert testimony as recognized in
 
 State v. McGrady
 
 ,
 
 368 N.C. 880
 
 ,
 
 787 S.E.2d 1
 
 (2016).