An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-897

Filed 17 September 2025

Nash County, No. 22CRS272182-630

STATE OF NORTH CAROLINA

v.

JASHAN DEMONTAE RASCOE, Defendant.

Appeal by defendant from amended judgment entered 26 April 2023 by Judge Brenda Green Branch in Nash County Superior Court. Heard in the Court of Appeals 14 August 2025.

*Joseph P. Lattimore for the defendant-appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General Joonu-Noel Coste, for the State.*

PER CURIAM.

Defendant Jashan Demontae Rascoe appeals the judgment entered against him upon a jury's verdict convicting him discharging a weapon into an occupied conveyance while in operation. On appeal, Plaintiff argues that the trial court plainly erred by allowing a detective to testify that Defendant was connected to a separate matter being investigated which involved a shooting.

Our Supreme Court recently explained that a defendant mounting a challenge on appeal based on plain error must show three things, including that "a fundamental error occurred at trial." *State v. Reber*, 386 N.C. 153, 158 (2024). In other cases, that Court has instructed that the error must be "error by the trial court." *State v. Duke*, 360 N.C. 110, 138 (2005). *See also State v. Cummings*, 352 N.C. 600, 636 (2000); *State v. Walker*, 316 N.C. 33, 39 (1986). For instance, a defendant is entitled to plain error review where his attorney fails to object to trial testimony where the trial court previously ruled outside the presence of the jury that the evidence was admissible. *See State v. Williams*, 370 N.C. 526 (2018) (adopting dissenting opinion in 253 N.C. App. 606 (2017). And a defendant may be entitled to plain error review where his attorney fails to object to trial testimony but where the trial court had a duty to intervene *ex mero motu* when the evidence was being offered. *See, e.g., State v. Jones*, 355 N.C. 117, 133 (2002) (trial court errs by failing to intervene during a prosecutor's closing when the prosecutor makes grossly improper remarks).

Based on the other evidence tending to show Defendant's guilt, we conclude Defendant has failed to meet his burden of showing plain error. We further note the testimony Defendant now complains of on appeal was elicited during Defendant's cross-examination. *See State v. Raines*, 362 N.C. 1, 11-12 (2007) (invited error where Defendant elicits improper testimony during his cross of a State witness).

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges ARROWOOD and

GRIFFIN.

Report per Rule 30(e).